EDMUND G. BROWN JR.
Attorney General of the State of California
ROBERT L. MUKAI
Senior Assistant Attorney General
SARA J. DRAKE
Supervising Deputy Attorney General
RANDALL PINAL
Deputy Attorney General
PETER H. KAUFMAN, State Bar No. 52038
Deputy Attorney General
 110 West A Street, Suite 1100
 San Diego, CA 92101
 P.O. Box 85266
 San Diego, CA 92186-5266
 Telephone: (619) 645-2020
 Fax: (619) 645-2012
 Email: peter.kaufman@doj.ca.gov

Attorneys for Defendant the California Gambling
Control Commission

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CALIFORNIA VALLEY MIWOK TRIBE,**<br><br>Plaintiff,<br><br>v.<br><br>**THE CALIFORNIA GAMBLING CONTROL COMMISSION; and DOES 1 THROUGH 50, Inclusive,**<br><br>Defendants. | Case No. 08 CV 0120 BEN AJB<br><br>**DEFENDANT CALIFORNIA GAMBLING CONTROL COMMISSION'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR CHANGE OF VENUE TO THE EASTERN DISTRICT OF CALIFORNIA SACRAMENTO DIVISION**<br><br>**28 U.S.C. § 1404 (a)**<br><br>Date: March 10, 2008<br>Time: 10:30 a.m.<br>Courtroom: 3<br>Judge: The Hon. Roger T. Benitez |

## INTRODUCTION

This is a motion pursuant to 28 U.S.C. § 1404(a) to transfer the above-entitled action from this District to the Eastern District of California, Sacramento Division on grounds that the parties to this action all reside in the Eastern District and the compacts which form the basis for

this suit favor that district as the location for this proceeding.

Though venue is permissible in this Court under 28 U.S.C. § 1441(a) because the above-entitled action was removed from the Superior Court of California for the County of San Diego, the Court has jurisdiction to transfer this case to the Eastern District under 28 U.S.C. § 1404(a) in the interest of justice and for the convenience of parties and witnesses. *Kerobo v. Southwestern Clean Fuels Corp.,* 285 F.3d 531, 538.  A section 1404(a) transfer is appropriate in this case because other than the fact Plaintiff's counsel, Manuel Corrales, Jr., has an office located in San Diego County, no other connection between this case and San Diego exists.

The nominal Plaintiff in this action is alleged to be the California Valley Miwok Tribe ("Miwok") "situated in Stockton, California." (Compl. at 2, l.1.)  The defendant California Gambling Control Commission's ("Commission") office is located in Sacramento, California where it was served. The tribal-state class III gaming compacts that form the basis of the above-entitled breach of compact action favor commencement of any such action in a forum that serves the area in which a tribe is located. (Compl. Ex. 1, at 40, §11.2.1(c).)  Finally, Plaintiff's Fifth Claim for Relief, though naming only Doe defendants, nevertheless describes those Does as individuals proclaiming membership in the Miwok and, thus, most likely reside in the area in and around the Miwok's Stockton location.

The fact that the parties all reside outside of the Southern District and that the compacts upon which the action is based favor suit in the district in which the Plaintiff is located support a transfer of this case to the Eastern District, Sacramento Division.

**ARGUMENT**

**WHERE THE COURT HAS SUBJECT MATTER JURISDICTION AND VENUE IS PROPER IN TWO DIFFERENT DISTRICTS, THE DISTRICT THAT BEST SERVES THE INTERESTS OF JUSTICE AND THE CONVENIENCE OF PARTIES AND WITNESSES IS THE DISTRICT IN WHICH THE ACTION SHOULD BE TRIED**

The Federal Rules of Civil Procedure in 28 U.S.C. § 1404(a) grant district courts the discretion to transfer an action to another district where venue in that other district is appropriate and the transfer would serve the interests of justice and the convenience of the parties.  Case law establishes that in a case such as this where all the parties are located in one district and the

agreement upon which the action is based establishes a preference for that district, the case should be transferred to that district.

In this case, the Miwok allege in the complaint that the tribe is located in Stockton, California. (Complt., at 2, l:1.) The defendant Commission's offices are located in Sacramento, California which is also the place where service was effected. Further, from the face of the pleadings it is evident that the Doe defendants named in the Fifth Claim for Relief are all likely residents of the same Stockton area as the tribe. Finally, the compacts that form the basis for this suit plainly establish a preference that a breach of compact action such as this be tried in the district in which the tribe alleging a breach is located. (Compl., at 40, § 11.2.1(c).)

While a plaintiff's choice of forum is often given substantial weight when there is a choice regarding venue (*Securities Investor Protection Corp. v. Vigman,* 764 F.2d 1309, 1317 (9th Cir. 1985)), that is not the case where, as here, the plaintiff does not reside in the forum it has selected (*Image, Inc. v. Travelers Indem. Co.,* 536 F. Supp. 58, 59 (Ed. Pa. 1981); *Bryant v. ITT Corp.,* 48 F. Supp. 2d 829, 832 (ND Ill. 1999)) or where the forum selected by the plaintiff lacks any significant contact with the activities alleged in the complaint (*Chrysler Capital Corp. v. Woehling,* 633 F. Supp. 478, 482). In this case, the only connection between San Diego and this case is the location of the office of Plaintiff's counsel. Convenience of counsel, however, is irrelevant in a venue motion. *Solomon v. Continental American Life Ins. Co.,* 472 F.2d 1043, 1047 (3rd. Cir. 1973); *In re Horseshoe Entertainment,* 337 F.3d 429, 434 (5th Cir. 2003). What is relevant is the fact that the compacts upon which Plaintiff's suit is based indicate a preference that breach of compact suits be tried in the jurisdiction in which the tribe is located. Compact § 11.2.1(c) provides that in a breach of compact suit should a federal court lack jurisdiction "the action may be brought in the superior court for the county in which the Tribe's Gaming Facility is located." Though the Ninth Circuit ruled subsequently that federal courts have subject matter over breach of compact actions (*Cabazon Band of Mission Indians v. Wilson,* 124 F.3d 1050, 1056 (9th Cir. 1997),) this language demonstrates that the intent of the parties was that such suits be brought in the jurisdiction in which the tribe is located.

///

**CONCLUSION**

For these reasons, the Commission respectfully requests that its motion for change of venue be granted and that this action be transferred to the United States District Court for the Eastern District of California, Sacramento Division.

Dated: January 31, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

ROBERT L. MUKAI
Senior Assistant Attorney General

SARA J. DRAKE
Supervising Deputy Attorney General

RANDALL A. PINAL
Deputy Attorney General


s/Peter H. Kaufman
PETER H. KAUFMAN
Deputy Attorney General
Attorneys for Defendant California Gambling Control Commission

P.A.Motion for Change of Venue.wpd

SA2008300115