1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  ROBERT L. MUKAI
   Senior Assistant Attorney General
3  SARA J. DRAKE
   Supervising Deputy Attorney General
4  RANDALL PINAL
   Deputy Attorney General
5  PETER H. KAUFMAN, State Bar No. 52038
   Deputy Attorney General
6   110 West A Street, Suite 1100
    San Diego, CA 92101
7   P.O. Box 85266
    San Diego, CA 92186-5266
8   Telephone: (619) 645-2020
    Fax: (619) 645-2012
9   Email: peter.kaufman@doj.ca.gov

10 Attorneys for Defendant the California Gambling
   Control Commission

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CALIFORNIA VALLEY MIWOK TRIBE,**<br><br>Plaintiff,<br><br>v.<br><br>**THE CALIFORNIA GAMBLING CONTROL COMMISSION; and DOES 1 THROUGH 50, Inclusive,**<br><br>Defendants. | No. 08-CV-0120 BEN AJB<br><br>**DEFENDANT CALIFORNIA GAMBLING CONTROL COMMISSION'S MOTION TO DISMISS THE COMPLAINT FOR INJUNCTIVE RELIEF, DECLARATORY RELIEF, BREACH OF CONTRACT, BREACH OF FIDUCIARY DUTY AND INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE, OR, IN THE ALTERNATIVE, TO STAY PROCEEDINGS**<br><br>Hearing:   March 10, 2008<br>Time:      10:30 a.m.<br>Courtroom: 3<br>Judge:     The Hon. Roger T. Benitez |

Defendant California Gambling Control Commission ("Commission") hereby moves this Court pursuant to Rule 12(b)(1), 12(b)(6) and 12(b)(7) to dismiss this action in its entirety as to

Case No. 08-CV-0120 BEN AJB

1

this defendant, or, in the alternative, to stay proceedings in this matter pursuant to this Court's inherent authority to control its caseload pending final adjudication of the complaint which is the subject matter of the district court decision in *California Valley Miwok v. United States,* 424 F. Supp. 2d 197 (D.D.C. 2006).

The grounds for this motion are that:

1. As more fully set forth in the concurrently filed memorandum of points and authorities, Plaintiff lacks standing to pursue the recovery of monies purportedly due and owing the California Valley Miwok Tribe or to seek injunctive, declaratory or other relief on that Tribe's behalf as requested in the First, Second, Third and Fourth Claims for Relief of the Complaint in that the United States Department of the Interior, Bureau of Indian Affairs recognizes no individual or entity authorized to act on behalf of the California Valley Miwok.  Thus, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, this Court lacks jurisdiction to rule on those claims for relief, or, in the alternative, the Complaint fails to state a claim upon which relief may be granted and should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

2. As more fully set forth in the concurrently filed memorandum of points and authorities, even if Plaintiff has the capacity to act on behalf of the California Valley Miwok Tribe, the tribe lacks standing to seek injunctive, declaratory or other relief as requested in the First, Second, Third and Fourth Claims for Relief of the Complaint in that the tribal-state class III gaming compacts upon which those claims are based bar third parties, such as the California Valley Miwok, from filing suit against the Commission for any alleged breach of those compacts. Thus, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, this Court lacks jurisdiction to rule on those claims for relief, or, in the alternative, the Complaint fails to state a claim upon which relief may be granted and should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

3. As more fully set forth in the concurrently filed memorandum of points and authorities, the State's Eleventh Amendment immunity from suits for damages in federal court bars Plaintiff from seeking compensatory damages against the Commission as sought in the Complaint's Third

1  Claim for Relief.  Thus, this Court lacks jurisdiction to consider such relief pursuant to Rule
2  12(b)(1) of the Federal Rules of Civil Procedure.
3      4. As more fully set forth in the concurrently filed memorandum of points and authorities,
4  the United States is a necessary and indispensable party within the meaning of Rule 19 of the
5  Federal Rules of Civil Procedure.  Plaintiff's failure to join the United States as a party,
6  therefore, warrants dismissal of the Complaint in its entirety pursuant to Rule 12(b)(7).
7      5. As more fully set forth in the concurrently filed memorandum of points and authorities,
8  Mr. Yakima Dixie among others improperly named as DOE defendants in this action are
9  necessary parties within the meaning of Rule 19 of the Federal Rules of Civil Procedure.
10 Plaintiff's failure to join them parties, therefore, warrants dismissal of the Complaint in its
11 entirety pursuant to Rule 12(b)(7).
12     6. As more fully set forth in the concurrently filed memorandum of points and authorities,
13 there is another action pending, involving issues that are central to Plaintiff's standing to pursue
14 the issues in the Complaint.  Thus, as an alternative to the dismissal of the Complaint, the Court,
15 in the exercise of its inherent powers to control its calendar, may stay the proceedings in this
16 matter pending final adjudication of that other action.

Case No. 08-CV-0120 BEN AJB

1     This motion is based on the pleadings, papers and files in this matter, this motion, notice or motion and supporting memorandum of points and authorities filed concurrently herewith, the Commission's Request for Judicial Notice filed concurrently herewith and whatever evidence and argument is presented at the hearing of this motion.

Dated: January 31, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

ROBERT L. MUKAI
Senior Assistant Attorney General

SARA J. DRAKE
Supervising Deputy Attorney General

RANDALL A. PINAL
Deputy Attorney General


/s/Peter H. Kaufman
PETER H. KAUFMAN
Deputy Attorney General
Attorneys for Defendant California Gambling Control Commission

Motion to Dismiss.wpd
SA2008300115

Case No. 08-CV-0120 BEN AJB

## CERTIFICATE OF SERVICE

Case Name:   California Valley Miwok Tribe v. California Gambling Control Commission

Court:   United States District Court, Southern District, Case No. 08-CV-0120 BEN AJB

I declare:

On **January 31, 2008**, I electronically filed the following document(s):

1. DEFENDANT CALIFORNIA GAMBLING CONTROL COMMISSION'S MOTION TO DISMISS THE COMPLAINT FOR INJUNCTIVE RELIEF, DECLARATORY RELIEF, BREACH OF CONTRACT, BREACH OF FIDUCIARY DUTY AND INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE, OR, IN THE ALTERNATIVE, TO STAY PROCEEDINGS;

2. NOTICE OF MOTION TO DISMISS THE COMPLAINT FOR INJUNCTIVE RELIEF, DECLARATORY RELIEF, BREACH OF CONTRACT, BREACH OF FIDUCIARY DUTY AND INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE, OR, IN THE ALTERNATIVE, TO STAY PROCEEDINGS;

3. DEFENDANT CALIFORNIA GAMBLING CONTROL COMMISSION'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION MOTION TO DISMISS THE COMPLAINT FOR INJUNCTIVE RELIEF, DECLARATORY RELIF, BREACH OF CONTRACT, BREACH OF FIDUCIARY DUTY AND INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE, OR, IN THE ALTERNATIVE, TO STAY PROCEEDINGS;

4. DEFENDANT CALIFORNIA GAMBLING CONTROL COMMISSION'S REQUEST FOR JUDICIAL NOTICE ;

## Electronic Mail Notice List

I have caused the above-mentioned document(s) to be electronically served on the following person(s), who are currently on the list to receive e-mail notices for this case:

mannycorrales@yahoo.com

## Manual Notice List

The following are those who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing):

NONE

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **January 31, 2008**, at San Diego, California.

Roberta L. Matson

Declarant                                                 Signature

SA2008300115
80203354.wpd