Manuel Corrales, Jr., SBN 117647
**Attorney at Law**
11753 Avenida Sivrita
San Diego, CA 92128
Phone: (858) 521-0634
Fax: (858) 521-0633

Attorney for Plaintiff
CALIFORNIA VALLEY MINOK TRIBE

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA VALLEY MIWOK TRIBE,<br><br>Plaintiff,<br><br>v.<br><br>THE CALIFORNIA GAMBLING CONTROL COMMISSION; and DOES 1 THROUGH 50, Inclusive,<br><br>Defendants. | Case No. 08 CV 0120 BEN AJB<br><br>**PLAINTIFF'S RESPONSE RE: ORDER TO SHOW CAUSE WHY VENUE IS PROPER IN THE SOUTHERN DISTRICT OF CALIFORNIA**<br><br>DATE:   March 10, 2008<br>TIME:   10:30 A.M.<br>COURTROOM:  3<br>LOCATION:  940 Front Street<br>                    San Diego, A 92101<br>JUDGE:   Hon. Roger J. Benitez |

Plaintiff California Valley Miwok Tribe ("Miwok Tribe" or Plaintiff) submits the following in response to the U.S. District Court's Order of January 25, 2008, requesting briefing by the parties by February 7, 2008 on an "Order to Show Cause" why venue is proper in the Southern District of California. Plaintiff submits that venue is proper, without prejudice to Plaintiff's pending Motion to Remand back to the San Diego Superior Court (set for hearing on March 10, 2008).

**VENUE IS "AUTOMATICALLY" PROPER IN
THIS COURT BY VIRTUE OF DEFENDANT'S REMOVAL ACTION**

When a defendant removes a state court action to the district where the state court action was pending, venue is proper in that district. *Polizzi v. Cowles Magazines, Inc.* (1953) 345 U.S. 663, 665-666. The general venue statutes do not apply to actions that

have been removed from the state court. Removal <u>automatically satisfies</u> federal venue requirements, ,i *.e.,* venue is proper as long as removal is to the district in which the state action was pending. 28 U.S.C. § 1441(a); *PT United Can Co., Ltd. V. Crown Cork & Seal Co., Inc.* (2nd Cir. 1998) 1998) 138 F.3d 65, 72.

28 U.S.C. Section 1441(a) provides that removal of state court actions "may be removed by the defendant or the defendants, to the district court of the United States for the district and division <u>embracing the place where such action is pending</u>." (Emphasis added.) The Supreme Court has interpreted this language to mean that venue of a removed action is proper in the district where the state court action was pending, *i.e.,* removal automatically satisfied venue. *Polizzi, supra*, at 666.

In *Polizzi, supra,* the plaintiff sued an Iowa corporation in Dade County Florida State Court. The defendant removed the state court action to the U.S. District Court which was in the district where Dade County was situated. Under those circumstances, the Supreme Court concluded venue was proper, and explained that 28 U.S.C. Section 1441(a) automatically establishes venue upon removal. It stated:

> Section 1441(a) expressly provides that the proper venue of a removed action is "the district court of the United States for the district and division embracing the place where such action is pending." The Southern District of Florida is the district embracing Dade County, the place where the action was pending.

345 U.S. at 666.

The reason for making venue proper automatically on removal is because venue is the defendant's privilege, and the defendant <u>chooses</u> to transfer the case to that local district court. *Polizzi, supra* at 665-666; *see also Rutter Group, California Practice Guide, Federal Civil Procedure Before Trial*, Sections 2:1048 and Section 4.3.2.1(b):394-396 (2007).

Even if venue was originally improper in the State Court action, venue is still proper in the U.S. District Court where the action was removed. *Hollis v. Florida State Univ.* (9th Cir. 2001) 259 F.3d 1295, 1299. This is because federal removal jurisdiction is not

"derivative" of state court jurisdiction. 28 U.S.C. § 1411(f); *Nishomoto v. Federman-Bachrach & Assocs.* (9th Cir. 1990) 903 F.2d 709, 714, fn. 11. However, here venue in the San Diego Superior Court was proper in the first instance. Cal. Bus. & Prof. Code Section 19807.

**VENUE WAS PROPER IN THE SAN DIEGO
SUPERIOR COURT PRIOR TO REMOVAL**

The California State Legislature made it clear that <u>any</u> lawsuit filed against the Commission could be, at Plaintiff's choosing, venued in San Diego County. To this end, the California Legislature enacted Cal. Bus. & Prof. Code Section 19807, which provides as follows:

> Except as otherwise provided in this chapter, whenever the department or <u>commission</u> [*i.e.,* the California Gambling Control Commission; *see* Section 198059e)] is a <u>defendant</u> or respondent <u>in any proceeding,</u> or when there is any legal challenge to regulations issued by the commission or department, <u>venue</u> for the proceeding <u>shall</u> be in the County of Sacramento, the City and County of San Francisco, the County of Los Angeles, <u>or the County of San Diego</u>. (Emphasis added.)

Thus, Plaintiff properly filed suit in the San Diego Superior Court prior to removal. Therefore, should the Court remand back to State Court, the action would remain in the San Diego Superior Court by virtue of Cal. Bus. & Prof. Code Section 19807.

**THIS CASE IS ALSO <u>NOT</u> SUBJECT TO DISCRETIONARY
"CONVENIENCE" TRANSFER UNDER 28 USC SECTION 1404(a)**

Although the U.S. District Court has the <u>discretion</u> under 28 USC Section 1404(a) to transfer an action to another district "for convenience of the parties, witnesses and in the interest of justice", it can only do so if the "transferee" district is where the case "might have been brought" originally. 28 USC Section 1404(a). To this end, it must be shown that:

(1) The transferee district court would have had <u>subject matter</u> jurisdiction; and

(2) The defendants would have been subject to <u>personal jurisdiction</u>; and

(3) <u>Venue</u> would have been <u>proper</u> in the transferee district.

3
**PLAINTIFF'S RESPONSE RE: ORDER TO SHOW CAUSE WHY VENUE IS PROPER IN THE
SOUTHERN DISTRICT OF CALIFORNIA**

*Hoffman v. Blaski* (1960) 363 US 335, 343-344, 80 S.Ct. 1084, 1089-1090.  However, as shown in Plaintiff's Motion to Remand (which Plaintiff incorporates herein by reference), there is no federal question jurisdiction.  The complaint seeks only equitable relief in the form of an injunction and a judicial determination of the obligations of the Commission under State law.  As such, no federal subject matters jurisdiction is implicated, and the case should be remanded.  Without this key element, there is no right to transfer to another district court in Sacramento, or elsewhere.

Moreover, the trial court will be asked to decide issues of law based for the most part on stipulated facts.  For example, the parties will likely (and should), stipulate that the Commission has withheld RSTF money from the Plaintiff, the amount withheld, and the Commission's reasons for doing so.  The court will then be asked to simply determine whether the Commission is correct in doing so under California statutory law governing the Commission's obligations as trustee of the RSTF money.  In this regard, the convenience of the "witnesses" or "parties" is irrelevant.  The case will be decided as a matter of law, for the most part on undisputed facts.

### THE OSC SHOULD BE CONTINUED UNTIL THE PLAINTIFF'S MOTION TO REMAND IS HEARD AND DECIDED

Plaintiff has on calendar for March 10, 2008, a motion to remand back to state court. If the Court grants it, the Court's "OSC why venue is proper in this district" will be moot.  Accordingly, Plaintiff requests the Court continue the OSC until March 10, 2008.

### CONCLUSION

Venue is proper in this district, for the foregoing reasons.  However, the OSC should be continued to March 10, 2008, the date of Plaintiff's Motion to Remand.  If the Court grants the remand motion, the OSC regarding venue is moot.

DATED:  February 5, 2008          s/ Manuel Corrales, Jr.

                                            Manuel Corrales, Jr.
                                            Attorney for Plaintiff
                                            The California Valley Miwok Tribe