Manuel Corrales, Jr., SBN 117647
**Attorney at Law**
11753 Avenida Sivrita
San Diego, CA 92128
Phone: (858) 521-0634
Fax: (858) 521-0633

Attorney for Plaintiff
CALIFORNIA VALLEY MIWOK TRIBE

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA VALLEY MIWOK TRIBE,<br><br>          Plaintiff,<br><br>     v.<br><br>THE CALIFORNIA GAMBLING CONTROL COMMISSION; and DOES 1 THROUGH 50, Inclusive,<br><br>          Defendants. | Case No. 08 CV 0120 BEN AJB<br><br>**NOTICE OF HEARING AND MOTION TO REMAND BACK TO STATE COURT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>DATE: March 10, 2008<br>TIME: 10:30 A.M.<br>COURTROOM: 3<br>LOCATION: 940 Front Street<br>                    San Diego, A 92101<br>JUDGE: Hon. Roger J. Benitez |

TO: DEFENDANT THE CALIFORNIA GAMBLING CONTROL COMMISSION AND ITS ATTORNEYS OF RECORD, AND ALL INTERESTED PARTIES:

**PLEASE TAKE NOTICE** that on March 10, 2008, at 10:30 a.m., or as soon thereafter as the matter can be heard in Courtroom 3, before the Hon. Roger T. Benitez, Plaintiff California Valley Miwok Tribe ("Miwok Tribe") will, and hereby does, move this Court for an order remanding this case back to the State Superior Court in San Diego from whence it came, on the grounds that no federal question jurisdiction exists and removal was therefore improper, and on the further ground that Plaintiff's complaint seeks only declaratory/injunctive relief under State law. Moreover, the Compact which forms part of the basis for relief does not permit a claim for monetary damages, only equitable relief with respect to enforcement of the Compact provisions.

1 **PLEASE TAKE FURTHER NOTICE** that opposition papers must be filed and
2 served within 14 days of the hearing date.
3 This motion will be based on this notice, the attached memorandum of points and
4 authorities, the complete file and records of this action, and such other oral and
5 documentary evidence as may be presented at the time of hearing.

7 DATED:  February 5, 2008             s/  Manuel Corrales, Jr.

8                                     Manuel Corrales, Jr.
                                      Attorney for Plaintiff
9                                     The California Valley Miwok Tribe

# MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff Miwok Tribe submits the following memorandum of points and authorities in support of its motion to remand.

## I.

## INTRODUCTION

As a non-Compact Tribe, Plaintiff is entitled to receive a share of Indian Gaming revenue through the Indian Gaming Revenue Sharing Trust Fund ("RSTF"). Under State law, the California Gambling Control Commission ("Commission") is to act as trustee of the funds collected into the RSTF and distribute proportionate shares to non-Compact Tribes, including Plaintiff. The Commission did so, until 2005, when the Miwok Tribe became involved in a tribal leadership dispute.

Under State law, the Commission is to distribute RSTF money to non-Compact Tribes, like Plaintiff, "in accordance with distribution plans specified in the tribal-state gaming compacts". Cal. Gov. Code Section 12012.75. Thus, the Compact serves as a guide or basis for the Commission's state, statutory duties to distribute those funds. For example, the Compact provides that the Commission "shall have no discretion" in deciding whether to distribute RSTF payments. Compact Section 4.3.2.1(b).3.2.1(b).

Plaintiff alleged the Commission violated State law in connection with its duties to disburse RSTF payments to Plaintiff. Nowhere does Plaintiff allege the Commission violated federal law in withholding these funds.

Plaintiff alleges simply that the Commission is "wrongfully withholding RSTF money" belonging to the Tribes, because the Commission has incorrectly determined that the Plaintiff is not entitled to continued payment because it is not "organized." (Complaint, para 23, 32 and 34.) To this end, Plaintiff only seeks equitable relief by way of an injunction "restraining the Commission from withholding Plaintiff's money", and most importantly by way of a declaration of rights and duties. Plaintiff's declaratory relief claim (Second Cause of Action) asks the Court to make a judicial determination under State law (*i.e.,* pursuant to CCP § 1060) that the Commission's decision to withhold these RSTF

funds from Plaintiff is contrary to its state statutory duties. (Complaint, para 32, 34.)

To clarify that the main thrust of its claim is for equitable relief under State law, Plaintiff has withdrawn its Third Cause of Action for Breach of Contract and its Fourth Cause of Action for Breach of Fiduciary Duty. These causes of action are surperfolus and unnecessary. The Compact does not permit suit for damages, other than equitable relief to obtain specific performance for payment of funds or declaration relief for that purpose. (*See* Section 9.4(2) of Compact.)

Accordingly, Plaintiff's claims do not arise (and never have arisen) under federal law. The case of *Cabazon Band of Mission Indians v. Wilson* (9th Cir. 1997) 124 F.3d 1050, cited by the Commission in support of its removal petition does not apply. The Compact there predated the 1997 Compacts at issue here. Moreover, the Compact in *Cabazon* contained a specific clause requiring resolution of the licensing fee dispute to be by way of declaratory relief in a federal U.S. District Court. No such language exists in the present 1999 Compact with regard to any dispute. Beyond that, the Commission can point to no other reason to remove this case to federal court. No federal question exists.

This Court has the discretion, nevertheless, to remand based on abstention principles, since Plaintiff seeks only equitable relief under state law.

The Commission nevertheless waived removal to federal court, because it previously sought the same equitable relief in the State Superior Court.

Venue is proper in San Diego County, because State law permits the Commission to be sued in San Diego County. Cal. Bus. & Prof. Code Section 19807.

Accordingly, this case should be remanded back to the San Diego Superior Court.

## II.

## ARGUMENT

### A. THERE IS NO SUBJECT MATTER JURISDICTION

#### 1. Plaintiff's Claims Do Not "Arise Under" Federal Law

As stated, Plaintiff seeks only equitable relief with respect to the Commission's state statutory duties in administering the RSTF money. Plaintiff seeks an order under

4

**NOTICE OF HEARING AND MOTION TO REMAND BACK TO STATE COURT**

CCP § 326 (injunctive relief) restraining the Commission from withholding Plaintiff's share of RSTF money. Plaintiff also seeks a judicial declaration under CCP § 1060 regarding the Commission's obligations under State law (Cal. Gov. Code Section 12012.75) to distribute RSTF to the Plaintiff. The Commission is presently <u>withholding</u> those funds, making it necessary for a judicial determination of its duties under State law. Plaintiff is not seeking monetary changes. The question is whether Plaintiff is entitled to the RSTF money the Commission is <u>withholding</u>. As such, no federal question is implicated, and thus Plaintiff's claims (which are equitable in nature) do <u>not</u> "arise under" federal law. 28 U.S.C. Section 1467(c).

28 U.S.C. Section 1447(c) mandates remand of State law claims where the court lacks removal jurisdiction. *See Mills v. Harmon Law Offices, P.C.* (1st Cir. 2003) 344 F.3d 42, 45.

Accordingly, the Court should remand back to State Court because no federal question existed at the time of removal. In this regard, *Cabazon, supra*, has no application. In *Cabazon*, the Compact predated the present 1999 Compact. 124 F.3d at 1053 (1990 and 1991 Compacts). Moreover, the *Cabazon* Compact had a specific provision that <u>required</u> the license fee dispute at issue to be decided by declaratory relief in a <u>U.S. District Court</u>. The relevant *Cabazon* Compact provision provided in pertinent part as follows:

> Cabazon shall seek a declaratory judgment against the State from a United States District Court of competent jurisdiction as to whether the deduction and distribution of the State license fee under Business and Professions Code Section 19516.6 … are permissible under the Act [IGRA].

124F.3d at 1054.

In contrast, no such provision exists in the 1999 Compact which forms a part of the basis for Plaintiff's equitable relief claims. Nowhere in the 1999 Compact is there any mandate that the present dispute, or any dispute, be determined in a federal court. Indeed, the parties to the 1999 Compact have an option to file in state or federal courts. For this reason, *Cabazon* is distinguishable.

Moreover, *Cabazon* does not stand for the proposition urged by the Commission that any dispute involving the 1999 Compact involves a federal question and thus must be brought in federal court. In fact, the 1999 Compact was not even in existence when *Cabazon* was decided.

### 2. Plaintiff Seeks Only Equitable Relief, Not Money Damages

As shown, the thrust of Plaintiff's claims are equitable in nature. No money damages are sought. To clarify this point, Plaintiff has withdrawn its Third and Fourth Causes of Action for Breach of Contract and Breach of Fiduciary Duty, respectively

Plaintiff does not allege the Commission has "taken" money from the Tribes in violation of federal law. Rather, Plaintiff's complaint alleges the Commission has <u>withheld</u> funds from the RSTF belonging to the Tribe, and that the Commission's actions are in violation of <u>State</u> law, not federal law.

### B. THE U.S. DISTRICT COURT SHOULD REMAND BASED ON ABSTENTION

Alternatively, Plaintiff requests the Court remand based on abstention principles. *Quakenbush v. Allstate Ins. Co.* (1996) 517 U.S. 706, 730-731, 116 S.Ct. 1712, 1723. The court has the discretion to do so, based on "scrupulous regard for the rightful independence of the state governments and for the smooth working of the federal judiciary." *Quackenbush v. Allstate Ins. Co., supra* 517 U.S. at 718, 116 S.Ct. at 1718, 1721. In light of Plaintiff's sought after relief being equitable in nature, remand based on abstention is particularly appropriate. *Quackenbush, supra* at 718. See also *Beach Cove Assocs. V. United States Fire Ins. Co.* (D.SC 1995) 903 F.Supp. 959, 962-963 (holding that declaration relief abstention is a discretionary ground for remand to state court); *Maryland v. Ins. Group v. Roskam Baking Co.* (WD MI 1998) 6 F.Supp.2d 670, 672-673 (declaratory relief abstention).

Here, Plaintiff only seeks injunctive and declaratory relief as to the Commission's obligations to release the withheld RSTF funds and resume its state statutory duty to disburse to Plaintiff. It should be noted that the RSTF was created by <u>state</u> law, not federal law. Thus, Cal. Gov. Code Section 12012.75 provides in pertinent part:

> There is hereby <u>created in the State Treasury</u> a special fund called the "<u>Indian Gaming Revenue Sharing Trust Fund</u>" … Moneys in the Indian Gaming Revenue Sharing Trust Fund shall be available to the California Gambling Control Commission, upon appropriation by the Legislature, for the purpose of <u>making distributions</u> to non-compact tribes, <u>in accordance with distribution plans specified in tribal-state gaming compacts.</u>  (Emphasis added.)

The fact that the Commission must disburse "in accordance with [the provisions] specified in the tribal-state gaming compacts", as called for under Cal. Gov. Code Section 12012.75, does not make the Commission's disbursement obligations federal in nature. The Commission's obligations to disburse RSTF funds to Plaintiff are founded on state law, not federal law.  The dispute can be, and should be, decided in state court.  *See Gila River Indian Comm. V. Henningson, etc.* (9th Cir. 1980) 626 F.2d 708, 714-715 (reasoning that there was no reason to extend the reach of the federal common law to cover all contracts entered into by Indian Tribes.  Otherwise the federal court might become a small claims court for all such disputes).

### C.  THE COMPACT DOES NOT MANDATE DISPUTE RESOLUTION IN FEDERAL COURT

Plaintiff, as a non-Compact Tribe, is not a party to the Compact.  It has no casino or Indian Gaming operations.  It is merely <u>beholden to the State</u>, via the Commission, to disburse RSTF money which the Compact Tribes (who operate casinos) pay to the State from their gaming winnings.  The Commission is guided by the Compact in how it should disburse.  However, what is important is that the RSTF is disbursed <u>from the State Treasury</u>, not directly from the Compact Tribes.  As such, it becomes a matter of <u>State</u> money, and the Commission's duties and obligations are to be determined under State law.

Since Plaintiff is <u>not</u> a party to the Compact, the dispute resolution provisions under Section 9.0 of the Compact do not necessarily apply to Plaintiff.  For example, Section 9.0(d) provides that the <u>parties</u> (*i.e.,* the Compact Tribes and the State) "may" (not "shall") resolve their disputes in the U.S. District Court "where the Tribes' gaming

1  facility" is located.  <u>See also</u> 11.2.1(Compact) (same language).  Since Plaintiff has no
2  "gaming facility", this provision does not apply to the Tribe.  Even if it did, there is no
3  mandatory requirement   that the dispute be resolved in the federal court, because
4  subsection (d) further provides:

> … (or, if those federal courts lack jurisdiction, <u>in any state court</u> of competent jurisdiction and its related courts of appeal) …
> (Emphasis added.)

7  As shown, there is no federal question jurisdiction with respect to Plaintiff's claims for
8  equitable relief.  Thus, even if Plaintiff were a party, Plaintiff has the option of suing in state
9  court.  Unlike the Compact in *Cabazon, supra,* there is no provision mandating resolution
10 of a declaratory relief claim, or any dispute, in the U.S. District Court.  124 F.3d at 1054.
11        Moreover, Section 9.4(a)(2) provides:

> (a) In the event that a dispute is to be resolved in federal <u>or</u> a state court …. [the parties waive any immunity] … provided that :
>
> ***
> (2)   Neither side makes any claim for monetary damages (that is, only injunctive, specific performance, including enforcement of a provision of this Compact requiring payment of money to one another of the parties, or declaratory relief is sought) … (Emphasis added.)

19 Thus, even if Plaintiff were a party, the Compact limits judicial action to equitable relief.
20 Monetary damages are prohibited, and can only be equitable in nature.  In other words, if
21 the State feels the Compact Tribes are underpaying their fair share of Indian Gaming
22 winnings, the State could sue the Compact Tribes in equity requiring the Tribes to pay as
23 agreed.  While the end result is the same, it is the <u>form of relief</u> that is permitted.
24        Similarly, while the end result may be the same for the Miwok Tribe to get paid its
25 entitled share of RSTF funds, the relief sought is equitable, *i.e.,* a declaration concerning
26 the Commission's duty to pay and an order compelling it to pay.
27        Accordingly, the Compact, assuming it applies directly to Plaintiff's claims, does
28 not mandate that Plaintiff's claims be adjudicated in federal court, especially since there is

1  no federal question.  The Compact applies indirectly, insofar as it provides a guideline as
2  to how the Commission should discharge its State defined duties in disbursing RSTF
3  money to non-Compact Tribes, such as the Plaintiff.  The RSTF money comes from the
4  <u>State</u> Treasury, not the Compact, and thus the Commission's duty to disburse involve
5  only state law.

### D. **THE COMMISSION BY PRIOR ACTION HAS AGREED TO A STATE COURT FORUM**

In its complaint, Plaintiff cited the District Court Decision in *California Valley Miwok Tribe v. USA* (D.D.C. 2006 424 F.Supp.2d 197.  Plaintiff alleges in its complaint that the Compact erroneously interpreted that decision to justify withholding the RSTF money from Plaintiff.  In that decision, the Commission is mentioned of having filed an interpleader action in State Court, seeking a judicial determination of its duty to pay RSTF money to Plaintiff.

The Commission's actions are tantamount to a concession that there is no federal question jurisdiction with respect to Plaintiff's present claims.  The dispute is identical. Plaintiff is not asking for anything different than what the Commission was seeking in the interpleader action.  An interpleader action functions similarly to a declaratory relief action.  *Morongo Band of M.Ind. v. Cal. State Board of Equalization* (9th Cir. 1988) 849 F.2d 1197, 1203.  Thus, the Commission should be barred from seeking removal, based upon its prior actions essentially embracing State Court resolution of these identical claims.

### E. **VENUE IS PROPER IN SAN DIEGO COUNTY**

As provided in the complaint, Cal. Bus. & Prof. Code Section 19807, the Commission may be sued in San Diego County, if Plaintiff chooses.

///
///
///
///

**III.**

**CONCLUSION**

For the foregoing reasons, this case should be remanded back to the San Diego Superior Court.

DATED: February 5, 2008

    s/ Manuel Corrales, Jr.
Manuel Corrales, Jr.
Attorney for Plaintiff
The California Valley Miwok Tribe