Manuel Corrales, Jr., SBN 117647
**Attorney at Law**
11753 Avenida Sivrita
San Diego, CA 92128
Phone: (858) 521-0634
Fax: (858) 521-0633

Attorney for Plaintiff
CALIFORNIA VALLEY MIWOK TRIBE

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA VALLEY MIWOK TRIBE,<br><br>Plaintiff,<br><br>v.<br><br>THE CALIFORNIA GAMBLING CONTROL COMMISSION; and DOES 1 THROUGH 50, Inclusive,<br><br>Defendants. | Case No. 08 CV 0120 BEN AJB<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR CHANGE OF VENUE TO THE EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION**<br><br>DATE: March 10, 2008<br>TIME: 10:30 A.M.<br>COURTROOM: 3<br>LOCATION: 940 Front Street<br>          San Diego, A 92101<br>JUDGE: Hon. Roger J. Benitez |

Plaintiff California Valley Miwok Tribe ("Miwok Tribe" or Plaintiff) submits the following memorandum of points and authorities in opposition to Defendant California Gambling Control Commission's ("the Commission") Motion for Change of Venue to the Eastern District of California, Sacramento Division.

**I.**

**INTRODUCTION**

The Commission concedes that venue was proper here in San Diego County. (Defendant's Points and Authorities, pg. 2 lines 2-3.) However, since there is <u>no subject matter jurisdiction</u>, the Commission's motion will be moot.

The Compact does not require or "establish" that this dispute be venued in

Sacramento County. In fact, State law specifically permits it to be venued here in San Diego County.

## II.

## **ARGUMENT**

### A. THIS CASE IS NOT SUBJECT TO DISCRETIONARY "CONVENIENCE" TRANSFER UNDER 28 USC § 1404(a)

Transfer under 28 USC § 1404(a) "for the convenience of parties, witnesses and in the interest of justice" is <u>discretionary</u>. However, before the court can even exercise any discretion to transfer, it <u>must</u> be shown that the proposed transferee court is one in which the action <u>could have been commenced</u> originally, *i.e.,* one "where it might have been brought." 28 USC § 1404(a). This has been interpreted to mean that: (1) the proposed transferee court would have had <u>subject matter jurisdiction</u>; (2) defendants would have been subject to <u>personal jurisdiction</u>; and (3) venue would have been <u>proper</u>, *Hoffman v. Balski* (1960) 363 U.S. 335, 343-344, 80 S.Ct. 1084, 1089-1090.

Based upon these facts, transfer to Sacramento would be improper. As shown in Plaintiff's Motion to Remand, there is <u>no federal question</u> jurisdiction and thus the case could not have been commenced in the Eastern District of California, Sacramento, to begin with. The dispute involves only the Commission's duty to disburse RSTF under state law, and a declaratory relief action to determine that duty. The suit does <u>not</u> ask the Court to make any determination as to whether the Miwok Tribe is a "federally recognized government." Instead, the Plaintiff's suit simply asks the Court to determine what the <u>Commission's</u> duties and responsibilities are as to the RSTF money, based upon undisputed fact, including the fact that the Miwok Tribe is "unorganized" and yet the Bureau of Indian Affairs ("BIA") still recognizes Sylvia Burley as an official representative of the Miwok Tribe, albeit "unorganized". If those facts are true, then Plaintiff contends that the Commission has a duty to continue making RSTF payments, in the same manner as it has done in the past. Accordingly, no federal question jurisdiction is implicated, and the case therefore could never have been brought in the U.S. District Court in

1  Sacramento, or any other federal district court.

2  As a result, the issue of convenience of the "witnesses" or "parties" never comes
3  into play and is thus irrelevant.

4  Because there is no subject matter jurisdiction, the Commission's Motion to
5  Transfer should be denied on this reason alone.

**B.    THE COMPACT DOES NOT "ESTABLISH A PREFERENCE"
       FOR ADJUDICATING PLAINTIFF'S CLAIMS IN SACRAMENTO**

8  Inexplicably, the Commission repeatedly misquotes the Compact, falsely saying in
9  its moving papers that the Compact 'states a preference that this action should be
10 brought in the jurisdiction in which the Plaintiff resides." (Defendant's Motion, pg. 2, lines
11 6-8.) It cites Section 11.2.1(c.) of the Compact and represents the Court that it:

> . . . <u>plainly</u> establish[es] a preference that a breach of
> compact action such as this be tried in the district in
> which the tribe alleging a breach is located.
> (Emphasis added.)

15 (Defendant's Points and Authorities, pg. 3, lines 7-9); (<u>see also</u> Defendant's Points and
16 Authorities, pg. 3, line 1, and lines 20-21). These state in relevant part as follows:

> Either <u>party</u> <u>may</u> bring an action in federal court . . .
> for a <u>declaration</u> that <u>the other party</u> has materially
> breached this Compact . . . In the event a federal
> court determines that it lacks jurisdiction over such an
> action, the action may be brought in the superior court
> for the <u>county in which the Tribe's Gaming Facility is</u>
> <u>located</u> . . . (Emphasis added.)

21 (Compact, pg. 40, Section 11.2.1(c)). First of all, this section of the Compact does <u>not</u>
22 state that Plaintiff's suit must be brought in the district where the tribe is located.
23 Secondly, and most importantly, the language of this Section clearly and unequivocally
24 applies only to the State as <u>Compact</u> Tribes, <u>not</u> non-Compact Tribes. Plaintiff is <u>not</u> a
25 party to the Compact, and therefore this section does not apply to it. Non-Compact
26 Tribes by their very definition are Tribes, like Plaintiff, who do <u>not</u> have any gaming
27 facilities, or who operate fewer than 350 devices. Section 4.3.2.1(b).3.2(a)(i). That is why
28 the RSTF was set up. The Compact Tribes who generate money from their respective

gaming facilities (casinos) pay into the RSTF, so that Non-Compact Tribes, like Plaintiff, can share in profits. But the Non-Compact Tribes are <u>not</u> parties to the Compact, and because many of them, like Plaintiff, have no gaming facilities, the phrase "action may be brought in the superior court for the county in which the Tribes' Gaming Facility is located" cannot and does not apply to them. (<u>see</u> pg. 2, para 6 of the complaint.) Thus, the Commission's statement that the Compact (plainly" establishes that Plaintiff's suit must be brought in Sacramento County, because that is where Plaintiff's "gaming facility is located", is misleading and false. Plaintiff has no gaming facility. (Complaint, pg. 2, para 6.) Section 11.2.1(c) does not apply to Plaintiff, a Non-Compact Tribe with no gaming facility.

**C.   IF THIS CASE IS REMANDED, THE COMMISSION'S
MOTION FOR CHANGE OF VENUE WILL BE MOOT**

Obviously, should this Court grant Plaintiff's Motion for Remand, the Commission's Motion to Transfer to Sacramento will be moot. It is for this reason that Plaintiff requests the Court first decide the remand motion.

**D.   THE COMMISSION HAS FAILED TO MEET ITS
BURDEN OF SHOWING FACTS SUPPORTING
IT'S MOTION**

A 28 USC § 1404(a) motion for "convenience" transfer <u>must</u> be supported by a declaration, or affidavit establishing admissible facts pertaining to the residence of the parties, the location of witnesses, physical evidence, etc. Conclusory declarations are not sufficient. *Stop-A-Flat Corp. v. Electra Start of Michigan, Inc.* (ED PA 1981) 507 F.Supp. 647, 652. The Commission's motion is devoid of any such admissible evidence, and no declaration has been attached, as is required.

On this basis alone, the motion should be denied. *Heller Fin'l, Inc., v. Midwhey Powder Co.* (7th Cir. 1989) 883 F.2d 1286, 1293.

///
///
///

### III.

### **CONCLUSION**

For the foregoing reasons, the Commission's Motion for Change of Venue under 28 USC § 1404(a) should be denied, or otherwise determined to be moot.

DATED: February 22, 2008                s/ Manuel Corrales, Jr.
                                        Manuel Corrales, Jr.
                                        Attorney for Plaintiff
                                        The California Valley Miwok Tribe

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR CHANGE OF VENUE**

# CERTIFICATE OF SERVICE

**Case Name:** California Valley Miwok Tribe v. California Gambling Control Commission

**Court:** United States District Court, Southern District
Case No. 08-CV-0120 BEN AJB

I Declare: On **February 22, 2008**, I filed via e-mail the following documents:

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR CHANGE OF VENUE TO THE EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION**

**ELECTRONIC MAIL NOTICE LIST**
I have caused the above-mentioned document(*s) to be electronically served on the following person(s) who are currently on the list to receive e-mail notices for this case:

Peter.Kaufman@doj.ca.gov

**MANUAL NOTICE LIST**
The following are those who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing):

NONE

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct, and that this declaration was executed on **February 22, 2008,** at San Diego, California.

MANUEL CORRALES, JR.                    s/ Manuel Corrales, Jr.
_____                _____
Declarant                              Signature