1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  ROBERT L. MUKAI
   Senior Assistant Attorney General
3  SARA J. DRAKE
   Supervising Deputy Attorney General
4  RANDALL PINAL
   Deputy Attorney General
5  PETER H. KAUFMAN, State Bar No. 52038
   Deputy Attorney General
6   110 West A Street, Suite 1100
    San Diego, CA 92101
7  P.O. Box 85266
   San Diego, CA 92186-5266
8  Telephone:  (619) 645-2020
   Fax:  (619) 645-2012
9  Email:  peter.kaufman@doj.ca.gov

10  Attorneys for Defendant California Gambling Control
    Commission

11

12              IN THE UNITED STATES DISTRICT COURT

13            FOR THE SOUTHERN DISTRICT OF CALIFORNIA

14

| | |
|---|---|
| 15  **CALIFORNIA VALLEY MIWOK TRIBE,** | NO. 08-CV-0120 BEN AJB |
| 16                                   Plaintiff, | **REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT CALIFORNIA GAMBLING CONTROL COMMISSION'S  OPPOSITION TO MOTION FOR REMAND** |
| 17      **v.** | |
| 18  **THE CALIFORNIA GAMBLING CONTROL COMMISSION; and DOES 1 THROUGH 50, Inclusive,** | |
| 19 | |
| 20                                  Defendants. | Hearing:      March 10, 2008 |
| 21 | Time:         10:30 a.m.<br>Courtroom:  3<br>Judge:       The Hon. Roger T. Benitez |
| 22 | |

23      Defendant California Gambling Control Commission ("Commission") hereby

24  respectfully requests that the Court take judicial notice of the following documents which are

25  contained in the records and files of the California Department of Justice:

26      1.    A true and correct copy of a Notice of Entry of Order Re: Dismissal, dated January 24,

27  2005, in the Superior Court of the State of California for the County of Sacramento in Case No.

28  04AS04205, entitled *Yakima Dixie v. State of California, California Gambling Control*

*Commission* and the minute order upon which the dismissal of that action was based. These documents are attached hereto and incorporated by reference herein as Exhibit 1.

2.    A true and correct copy of a Judgment of Dismissal, filed  August 1, 2006, and signed by the Honorable  Loren E. McMaster, Judge of the Superior Court,  in the Superior Court of the State of California for the County of Sacramento, in Case No. 05AS05385, entitled *California Gambling Control Commission vs. Sylvia Burley*, and a true and correct copy the minute orders upon which that judgment was based, specifically, Items 13, 14 and 15 on the court's June 16, 2006, 2:00 p.m. calendar.   These documents are attached hereto and incorporated by reference herein as Exhibit 2.

This request is based upon the Declaration of Peter H. Kaufman filed concurrently herewith and  Federal Rule of Evidence 201(b)(2) in that the records and files of a public agency such as the California Department of Justice as well as the orders of a court of competent jurisdiction constitute facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.  See, *Santos v. County of Los Angeles Department of Children and Family Services,*  299 F. Supp. 2d 1070 (C.D. Cal. 2004); records in a state court case file; *Tan v. University of CA San Francisco,* Slip Copy, 2007 WL 963222, fn. 1 (N.D. Cal.); records maintained by a public agency.

Dated:  February 25, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

ROBERT L. MUKAI
Senior Assistant Attorney General

SARA J. DRAKE
Supervising Deputy Attorney General


/s/Peter H. Kaufman
PETER H. KAUFMAN
Deputy Attorney General
Attorneys for Defendants
California Gambling Control Commission

# TABLE OF CONTENTS

| EXHIBIT NO. | DOCUMENT | PAGES |
|---|---|---|
| 1 | Notice of Entry of Order Re: Dismissal, dated January 24, 2005, in the Superior Court of the State of California for the County of Sacramento in Case No. 04AS04205, entitled Yakima Dixie v. State of California, California Gambling Control Commission and the minute order upon which the dismissal of that action was based. | 4 - 11 |
| 2 | A Judgment of Dismissal, filed August 1, 2006, and signed by the Honorable Loren E. McMaster, Judge of the Superior Court, in the Superior Court of the State of California for the County of Sacramento, in Case No. 05AS05385, entitled, California Gambling Control Commission vs. Sylvia Burley, and a true and correct copy the minute orders upon which that judgment was based, specifically, Items 13, 14 and 15 on the court's June 16, 2006, 2:00 p.m. calendar. | 12 - 21 |

80209638.wpd

000003

# Exhibit "1"

TBM81 04 03 02 BENAKJBMA DOME 12-3 VS. STATE OF CALIFORNIA, ET AL
Nature of Proceeding: TRO
Filed By: GLICK, PETER

The court declines to issue the TRO. The TRO request essentially requires the court to make a preliminary determination as to who is the proper person to receive the funds from the Revenue Sharing Trust Fund ("RSTF") on behalf of the California Valley Miwok Tribe ("Tribe"), a non-gaming tribe.

Injunctive relief of the type sought here may only issue as a provisional remedy attendant to a viable independent claim for legal or equitable relief. In this case, plaintiff's apparent goal is a writ either: (1) commanding the California Gambling Control Commission ("CGCC") to acknowledge plaintiff as the Tribe's authorized representative for RSTF purposes, (2) prohibiting the CGCC from acknowledging Silvia Burley as the Tribe representative pending plaintiff's final litigation of tribal authority related issues before the Bureau of Indian Affairs ("BIA"); or (3) prohibiting the CGCC from disbursing RSTF monies to the Tribe until plaintiff's BIA contest is finally adjudicated. Consequently, any provisional relief in conjunction with these theoretical writ remedies would necessarily depend, at a minimum, upon an interim determination by this court as to the likelihood of plaintiff's success before the BIA. Without such a preliminary determination, the court would not be in a position to conclude that the CGCC's new policy to pay RSTF proceeds to the individual currently recognized by the BIA pending its resolution of the authority dispute is lawfully vulnerable and should be enjoined.

The federal government has exclusive jurisdiction, if any, over determining the Tribe's acknowledged representative. Apparently, the

appropriate agency has made a determination that Silvia Burley is currently the rightful person to receive RSTF funds on behalf of the Tribe. It is this determination that plaintiff contests. This court has no jurisdiction over that dispute. Plaintiff's exclusive remedy is with the appropriate federal agency. The court understands that such a proceeding is now pending.

Moreover, the TRO essentially requests the court to order the California Gambling Control Commission to act contrary to its statutory duty, which the court declines to do. Government Code section 12012.9(d) requires the CGCC to distribute the RSTF money "without delay" to each eligible Indian tribe. Thus, until otherwise determined by the federal government, those funds in question must be distributed to the Tribe. Plaintiff's claims to be the proper and lawfully acknowledged chief of the Tribe must be resolved either by the Tribe or the appropriate federal agency. This court lacks jurisdiction to make such a determination. Since there is no point in holding a further hearing in a matter that the court clearly lacks jurisdiction to render an ultimate remedy, the court declines to issue an order to show cause re: preliminary injunction. The plaintiff is free to make any motion deemed appropriate by regular notice.

The request for issuance of a temporary restraining order and order to show cause re: preliminary injunction is denied.

This minute order is effective immediately. A formal order is not required pursuant to California Rules of Court, rule 391, and further notice of this ruling is not necessary.

PETER E. GLICK, ESQ. (SBN: 127979)
Attorney at Law
400 Capitol Mall, Suite 1100
Sacramento, CA 95814
Telephone:     (916) 558-6182
Fax No.:        (916) 448-2434

Attorneys for Plaintiffs
YAKIMA DIXIE and
CALIFORNIA VALLEY MIWOK TRIBE
fka SHEEP RANCH OF ME-WUK INDIANS OF CALIFORNIA

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SACRAMENTO

| | |
|---|---|
| YAKIMA DIXIE, an individual; and,<br>CALIFORNIA VALLEY MIWOK TRIBE<br>fka SHEEP RANCH RANCHERIA OF ME-<br>WUK INDIANS OF CALIFORNIA, an<br>unorganized tribe,<br><br>    Plaintiffs,<br><br>vs.<br><br>STATE OF CALIFORNIA, CALIFORNIA<br>GAMBLING CONTROL COMMISSION, an<br>Agency of the State of California, and DOES 1<br>through10, inclusive.<br><br><br>    Defendants. | **CASE NO.     04AS04205**<br><br>**NOTICE OF ENTRY OF ORDER RE<br>DISMISSAL**<br><br><br><br><br><br><br>**Hon.   Loren E. McMaster** |

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD, PLEASE TAKE

NOTICE THAT on January 7, 2005, the clerk of this court entered an order of Dismissal of the

entire action as to all parties and all causes of action, without prejudice.  A copy of said Order is

attached hereto as Exhibit "A" and incorporated herein by reference.

Dated: January 24, 2005.

                                       _____
                                       PETER E. GLICK, Attorneys for
                                       Plaintiffs/Petitioners, YAKIMA DIXIE; and,
                                       CALIFORNIA VALLEY MIWOK TRIBE
                                       fka SHEEP RANCH RANCHERIA OF MI-
                                       WUK INDIANS OF CALIFORNIA

_____
**Notice of Entry of Order of Dismissal**

Peter E. Glick
Attorney at Law
400 Capitol Mall, Suite 1100
Sacramento, CA 95814

EXHIBIT "A"

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address)*: | TELEPHONE NO.: | FOR COURT USE ONLY |
|---|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address)*:
Peter E. Glick, Esq.  SBN 127979
400 Capitol Mall, Suite 1100
Sacramento, CA  95814

TELEPHONE NO.: 916-558-6182

FOR COURT USE ONLY

ENDORSED

T. LEVINSON

ATTORNEY FOR *(Name)*: Plaintiffs Y. Dixie & California Valley Miwok Tribe, etc.

Insert name of court and name of judicial district and branch court, if any:

Sacramento County Superior Court

PLAINTIFF/PETITIONER: Yakima Dixie & California Miwok Tribe fka
Sheep Ranch of Me-Wuk Indians of California

DEFENDANT/RESPONDENT: State of California, California Gambling
Control Commission

REQUEST FOR DISMISSAL

☐ Personal Injury, Property Damage, or Wrongful Death
   ☐ Motor Vehicle   ☐ Other
☐ Family Law
☐ Eminent Domain
☑ Other *(specify)*: Injunctive Relief

CASE NUMBER:

04AS04205

— A conformed copy will not be returned by the clerk unless a method of return is provided with the document. —

1. **TO THE CLERK:** Please **dismiss** this action as follows:

  a. (1) ☐ With prejudice   (2) ☑ Without prejudice

  b. (1) ☑ Complaint   (2) ☐ Petition
    (3) ☐ Cross-complaint filed by *(name)*:        on *(date)*:
    (4) ☐ Cross-complaint filed by *(name)*:        on *(date)*:
    (5) ☑ Entire action of all parties and all causes of action
    (6) ☐ Other *(specify)*:*

Date: January 5, 2005

Peter E. Glick, Esq.  SBN 127979

(TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY WITHOUT ATTORNEY)
* If dismissal requested is of specified parties only, of specified causes of action only, or of specified cross-complaints only, so state and identify the parties, causes of action, or cross-complaints to be dismissed.

▶ *(signature)*
(SIGNATURE)
Attorney or party without attorney for:

☑ Plaintiff/Petitioner   ☐ Defendant/Respondent
☐ Cross-complainant

2. **TO THE CLERK:** Consent to the above dismissal is hereby given.**
Date:

(TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY WITHOUT ATTORNEY)
** If a cross-complaint—or Response (Family Law) seeking affirmative relief—is on file, the attorney for cross-complainant (respondent) must sign this consent if required by Code of Civil Procedure section 581(i) or (j).

▶
(SIGNATURE)
Attorney or party without attorney for:
☐ Plaintiff/Petitioner   ☐ Defendant/Respondent
☐ Cross-complainant

*(To be completed by clerk)*

3. ☐ Dismissal entered as requested on *(date)*:
4. ☐ Dismissal entered on *(date)*: JAN 7 - 2005 to only *(name)*:
5. ☐ Dismissal **not** entered as requested for the following reasons *(specify)*:

6. ☐  a. Attorney or party without attorney notified on *(date)*:
     b. Attorney or party without attorney not notified. Filing party failed to provide
       ☐ a copy to conform   ☐ means to return conformed copy

Date: JAN 7 - 2005

Clerk, by _____ T. LEVINSON _____, Deputy

Form Adopted by the
Judicial Council of California
982(a)(5) [Rev. January 1, 1997]

**REQUEST FOR DISMISSAL**

Code of Civil Procedure, § 581 et seq.
Cal. Rules of Court, rules 383, 1233
American LegalNet, Inc. | www.USCourtForms.com

000009

*Yakima Dixie, et al. v. State of California, California Gambling Control Commission*, et al.
Sacramento County Superior Court, Case No.: 04AS04205

### PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Peter E. Glick, Attorney at Law, 400 Capitol Mall, Suite 1100, Sacramento, CA 95814. On January 5, 2005, I served the within documents:

Request for Dismissal

[ ]  by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

[X]  by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Sacramento, California addressed as set forth on the attached service list.

[ ]  by causing personal delivery by Federal Express Overnight Service of the document(s) listed above to the person(s) at the address(es) set forth below.

[ ]  by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

Marc LeForestier
Office of the Attorney General
1300 "I" Street
P.O. Box 944255
Sacramento, CA 94244-2550

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on January 5, 2005, at Sacramento, California.

*Roxane Balison White*

Roxane Balison-White

Peter E. Glick
Attorney at Law
400 Capitol Mall, Suite 1100
Sacramento, CA 95814

Proof of Service

000010

*Yakima Dixie, et al. v. State of California, California Gambling Control Commission*, et al.
Sacramento County Superior Court, Case No.: 04AS04205

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Peter E. Glick, Attorney at Law, 400 Capitol Mall, Suite 1100, Sacramento, CA 95814.  On January 24, 2005, I served the within documents:

Notice of Entry of Order re Dismissal

[ ]    by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

[X]    by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Sacramento, California addressed as set forth on the attached service list.

[ ]    by causing personal delivery by Federal Express Overnight Service of the document(s) listed above to the person(s) at the address(es) set forth below.

[ ]    by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

Marc LeForestier
Office of the Attorney General
1300 "I" Street
P.O. Box 944255
Sacramento, CA 94244-2550

I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on January 24, 2005, at Sacramento, California.

Roxane Balison-White

Peter E. Glick
Attorney at Law
400 Capitol Mall, Suite 1100
Sacramento, CA 95814

Proof of Service

000011

# Exhibit "2"

000012

# COPY



SUPERIOR COURT OF CALIFORNIA

COUNTY OF SACRAMENTO

| | |
|---|---|
| **CALIFORNIA GAMBLING CONTROL COMMISSION,** | CASE NO. 05AS05385 |
| Plaintiff, | **JUDGMENT OF DISMISSAL** |
| v. | |
| **SYLVIA BURLEY; YAKIMA DIXIE; MELVIN DIXIE; DEQUITA BOIRE; and VELMA WHITEBEAR,** | |
| Defendants. | |

This case came on regularly for hearing on June 16, 2006, upon the demurrer of defendant Silvia Burley, in Department 53 of the above named Court, the Honorable Loren E. McMaster, presiding. Plaintiff was represented by Deputy Attorney General Christine M. Murphy. Defendant Silvia Burley was represented by her attorney, Karla D. Bell, and all the other named defendants were represented by their attorney Peter Glick.

The Court having heard and considered the arguments of the parties, oral and written, concluded the Court did not have jurisdiction over Plaintiff Gambling Control Commission's interpleader action, ordered that the funds deposited with the Court by way of the interpleader action be returned to the Gambling Control Commission, and granted Defendant Silvia Burley's demurrer, without leave to amend.

1

000013

07/17/2006  14:37   3105773210                    SANDERS BELL LLP                    PAGE  03/03
07/14/2006 12:18 FAX 916 32       DEPT OF JUSTICE                             ⓘ003

1    NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED

2    that Plaintiff California Gambling Control Commission's First Amended Complaint in

3    Interpleader is dismissed.

4

5    Dated: July ___, 2006                   _____

6                                            HONORABLE STEVEN H. RODDA
                                             Judge of the Superior Court
7

8    **APPROVED AS TO FORM:**

9    Dated: July 14, 2006           LAW OFFICES OF KARLA D. BELL

10

11                                   _____
                                By: _____
12                                   KARLA D. BELL
                                     Attorney for Defendant Silvia Burley
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

000014

1        NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED

2  that Plaintiff California Gambling Control Commission's First Amended Complaint in

3  Interpleader is dismissed.

4

5  Dated: July ___, 2006

6     AUG - 1 2006

                           LOREN E. M. MASTER

               HONORABLE   LOREN E. M. MASTER
               Judge of the Superior Court

7

8  **APPROVED AS TO FORM:**

9  Dated: July ___, 2006      LAW OFFICES OF KARLA D. BELL

10

11

12                 By:_____
                    KARLA D. BELL

13                    Attorney for Defendant Silvia Burley

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

# DECLARATION OF SERVICE

**Case Name:** CALIFORNIA GAMBLING CONTROL COMMISSION v. SYLVIA BURLEY, et al.

**Case No:** Sacramento Superior Court No. 05AS05385

    I am employed in the County of Sacramento, California. I am 18 years of age or older and not a party to the within cause; my business address is 1300 I Street, Post Office Box 944255 , Sacramento, California 94244-2550.

    On August 15, 2006, I served the attached

## NOTICE OF ENTRY OF JUDGMENT OF DISMISSAL

___XX___    **(BY MAIL)** I caused each such envelope, with postage thereon fully prepaid, to be placed in the United States mail at Sacramento, California. I am readily familiar with the practice of the Office of the Attorney General for collection and processing of correspondence for mailing, said practice being that in the ordinary course of business, mail is deposited in the United States Postal Service the same day as it is placed for collection.

**Karla D. Bell**                    *Attorneys for Defendant Silvia Burley*
**Law Offices of Karla D. Bell**
**4712 Admiralty Way, Suite 580**
**Marina del Rey, CA 90292**

**Peter Glick**                      *Attorneys for Defendants Yakima*
**400 Capitol Mall, #1100**          *Dixie, Melvin Dixie, Dequita Boire,*
**Sacramento, CA 95814**             *and Velma Whitebear*

**Thomas Wolfrum**
**Attorney at Law**
**1460 Maria Lane, #340**
**Walnut Creek, CA  94596**

    I declare under penalty of perjury the foregoing is true and correct, and that this declaration was executed at Sacramento, California on August 15, 2006.

/s/ Paula Corral
PAULA CORRAL

000016

## NOTICE:

To request limited oral argument on any matter on this calendar, you must call the Court at (916) 874-7858 (Department 53) by 4:00 p.m. the court day before this hearing and advise opposing counsel.  If no call is made, the tentative ruling becomes the order of the court.  Local Rule 3.04.

Judge McMaster discloses that attorneys appearing in cases on todays calendar may have donated to the Committee for Judicial Independence which was formed to oppose the attempted recall of judge McMaster. A list of donors and amounts donated is under the custody of court executive officer Jody Patel and can be reviewed at room 611, sixth floor, courthouse, 720 Ninth Street.

**Department  53**
**Superior Court of California**
**800 Ninth Street, 3rd Floor**
**LOREN E. MCMASTER, Judge**
**T. West, Clerk**
**V. Carroll, Bailiff**

**Friday, June 16, 2006, 2:00 PM**

Item  1     **01AS07723        ROBERT BURROWAY, JR.,ET AL VS ELSIE FLEMMER, ET AL**

Nature of Proceeding:   Motion To Compel Supplemental Interrogatories & Production of Docume

Filed By:

Advanced to and heard on June 1, 2006.

Item  2     **01AS07723        ROBERT BURROWAY, JR.,ET AL VS ELSIE FLEMMER, ET AL**

Nature of Proceeding:   Motion for Protective Order

Filed By:   Ragan, Jennifer L.

   Defendant's motion for a  protective order quashing plaintiff's demand for Exchange of Expert Witnesses on the ground discovery is closed is denied.

   Plaintiff's motion to continue the trial in this matter was granted and the trial court vacated all dates set for trial and MSC.  Under such circumstances the discovery cut-off is generally tried to the original trial date.

   Plaintiff points out that  defendant has propounded discovery and insisted that she could do so because all discovery timelines were vacated when the trial date was vacated.  The Court granted the unopposed motion to compel.  It would be inequitable to allow defendant to obtain a court order compellingt discovery while at the same time asserting that discovery is closed as to plaintiff.

   The court views the conversations between the parties followed by defendant's discovery motion to constitute a stipulation that discovery remain open until closed by an arbitriation or trial date.

   This minute order is effective immediately and no formal order is required.

Item  3     **01AS07723        ROBERT BURROWAY, JR.,ET AL VS ELSIE FLEMMER, ET AL**

Nature of Proceeding:   Motion to Compel Deposition

and plaintiffs have been living in the house since May of 2003, but that defendants have refused to sign the escrow documents and escrow is still pending. Plaintiffs allege defendant now wishes to sell the property to others for more money.

The first and second causes of action are for specific performance and breach of contract. Plaintiffs have not alleged when the agreement to sell the real property was entered into and have not alleged whether the contract is oral or written. They have also failed to attach a copy of the agreement. There are numerous exhibits attached to the complaint but none have been identified by number or letter and, with the exception of "Exhibit A," none have been incorporated into the complaint. Exhibit A is a subpoena for records, not an escrow agreement.

In their opposition plaintiffs refer to one seller signing the agreement. Plaintiffs must allege who was a party to the contract and who signed it.

The third cause of action is for fraud. It is unchanged from the original complaint and fails to state a cause of action. Fraud must be alleged with specificity.

The fourth cause of action for conspiracy fails because no underlying tort has been adequately pled.

Plaintiffs are given leave to amend the first through fourth causes of action **only.** Th

An amended complaint shall be filed and served by June 26, 2006. Responsive pleadings shall be filed and served 10 days thereafter, 15 days if serviced is by mail.

This minute order is effective immediately and no formal order is required.

Item  11    **05AS02607      DINO TRIAS, ET AL VS. ELAIN B FURLOW, ET AL.**

Nature of Proceeding:   Motion To Strike

Filed By:   White, Gary R.

Defendant Elain Furlow's motion to strike is granted as to the fifth through eighth causes of action without leave to amend.

The Court previously sustained defendant's demurrer without leave to amend as to these causes of action. By including them in the amended complaint, plaintiffs have failed to comply with the Court's order and the complaint is not drawn in conformity with the law. CCP 436(b).

This minute order is effective immediately and no formal order is required.

Item  12    **05AS02681      PRISCILLA ZAIRIS VS. JOSE ALFREDO JIMENEZ, ETAL**

Nature of Proceeding:   Motion To Compel

Filed By:   Johansing, David

This matter is dropped from calendar.

Item  13    **05AS05385      CALIFORNIA GAMBLING CONTROL COMM VS. SYLVIA BURLEY ET AL**

Nature of Proceeding:   Motion To Quash Service Summon

Filed By:

The motion of Silvia Burley ("Burley") to quash service of summons issued upon the First Amended Complaint of California Gambling Control Commission ("Commission") is denied.

Burley's motion is based upon the premise that she is named in the action solely in her capacity as a person of authority over the California Valley Miwok Tribe ("Tribe"), and in that capacity, she is entitled to the sovereign immunity held by the Tribe. Commission disputes this claim, arguing that Burley is named simply as a private individual who has made a competing claim to the subject fund. Specifically, Commission argues that "because there is no recognized tribal government or representative with authority to represent the Tribe for general purposes, none of the defendants could be acting in an official representative capacity.

With this admission by Commission, and having no evidence that the service of summons was otherwise procedurally defective, Burley was properly served.

This minute order is immediately effective. A formal order pursuant to California Rules of Court, rule 391 is not necessary, and further notice of this ruling is not required.

Item 14    05AS05385    **CALIFORNIA GAMBLING CONTROL COMM VS. SYLVIA BURLEY ET AL**

Nature of Proceeding:    Demurrer

Filed By:

The demurrer of Silvia Burley ("Burley") to the First Amended Complaint (FAC) of California Gambling Control Commission ("Commission") is sustained without leave to amend.

Burley demurs upon two related grounds: (1) the interpleader action necessarily requires a determination of the "federally recognized government" of the California Valley Miwok Tribe ("Tribe") and the authorized representative thereof - a determination over which this Court lacks subject matter jurisdiction and is otherwise unsettled with the federal government; and (2) since Burley is named in the action solely as a private individual (not an official representative of Tribe) with no potential claim of right to the subject fund, the complaint fails to state a cause of action as against her. Burley's demurrer is sustained upon both grounds.

Commission alleges that it is the Commission's "practice to make RSTF distributions to the federally recognized government of each recipient Non-Compact Tribe." (FAC, p.3:24-25.) Commission alleges that the U.S. Department of Interior, Bureau of Indian Affairs ("BIA") "does not recognize any tribal government of the [Tribe], does not recognize any individual with authority to represent the [Tribe] for general purposes, and at present does not conduct government-to-government relations with the [Tribe]." (FAC, p.3:20-23.) Commission asserts no interest in the subject fund except for its statutory and Compact obligation to act as trustee over the fund, and to distribute it to eligible recipient Indian tribes "without delay." (Gov't Code section 12012.90(d).) Thus, the Commission states that its interpleader action "seeks a judicial determination of which, if any, of the various interested parties it named as

defendants is entitled to the RSTF monies deposited with the court." (Opp. p.3:13-14.)

Based upon these allegations, it is an inescapable conclusion that the relief sought by Commission would compel the Court to determine which individual, or individuals, constitute the lawful governmental representatives of Tribe, if at all. That determination, based upon the Commission's "practice," requires the federal government to "recognize" a government of the Tribe. This Court has no jurisdiction to make either determination. Instead, those decisions lie entirely within the exclusive jurisdiction of the BIA, the federal government, or the federal courts.

As an alternative, Commission suggests that the Court may function as a warehouse, in perpetuity, for the subject funds until the federal government, or the Tribe, finally achieve a "federally recognized government." This is not the proper role of the Court, or the interpleader process.

Commission also contends that the Court has jurisdiction over this matter because the Court may avoid the "impermissible intrusion into issues of tribal self-governance" and "properly limit the scope of the litigation to the Commission's responsibilities and obligations related to distribution of the RSTF monies." (Opp. p.5:23-25.) However, the FAC does not seek such relief. The FAC does not seek a declaration of Commission's responsibilities and obligations as to the RSTF. Commission does not contend that there is a dispute over its legal obligations and responsibilities. Commission does not argue that there is a legitimate dispute that it may distribute the RSTF monies to someone or some entity other than the "federally recognized government" of the Tribe. Instead, Commission seeks a declaration of who or what constitutes the "federally recognized government" of the Tribe. Again, that declaration cannot issue from this Court.

Furthermore, Commission has admitted that it named Burley as a private individual, not as an official representative of the Tribe. Since Commission alleges that its trusteeship of the fund requires it to disburse the fund only to the "federal recognized government" of the Tribe, Burley could not be a proper recipient of the fund in her individual capacity under any circumstance.

Requests for judicial notice are denied.

This minute order is immediately effective. A formal order pursuant to California Rules of Court, rule 391 is not necessary, and further notice of this ruling is not required.

Item 15   05AS05385   **CALIFORNIA GAMBLING CONTROL COMM VS. SYLVIA BURLEY ET AL**

Nature of Proceeding:  Miscellaneous Motion

Filed By:

The motion of California Gambling Control Commission ("Commission") for discharge of liability from interpleader action pursuant to Code of Civil Procedure section 386, is denied.

Commission has not established that this Court has jurisdiction to adjudicate the named defendants' alleged competing claims to the deposited fund.

This minute order is immediately effective.  A formal order pursuant to CRC 391 is not necessary, and further notice of this ruling is not required.

Item 16  **05AS05467    MARK BUCKMAN VS. JOHN LEFAKIS ET AL**

Nature of Proceeding:  Demurrer

Filed By:  Prokop, Tyler S.

Dropped.  Defendants intend to file an amended answer.

Item 17  **06AS00381    ECKMAN, FLOYD HERMAN JR. VS. VARANO, ELIZABETH RUTH**

Nature of Proceeding:  Settlement and Application for Good Faith Determination

Filed By:  Molinelli Jr., James P.

Defendant Varano's motion for a determination that her settlement with plaintiff Eckman is in good faith is granted.

Regional Transit, defendant in a related action brought by Eckman, has opposed the motion because it contends (1) it fails to provide a rough approximation of plaintiff's recovery, (2) RT has not had an opportunity to discover the assets of defendant, and (3) the workers' compensation lien is unsettled.

Defendant has no assets and the settlement is for policy limits.  A disproportionate settlement by an insolvent defendant may nonetheless be in good faith.  *County of Los Angeles v Guerrero* (1989) 209 Cal.App.3d 1149, 1156-57.

RT has had the opportunity to discover assets and defendant has supplied a supplemental declaration regarding lack of assets.  The exact disposition of the workers' compensation lien is irrelevant as RT ie entitled to a credit regardless.

The Court finds the settlement is in good faith and meets the Tech-Bilt standard. The Court will sign the order submitted with the moving papers.

Item 18  **06AS00852    CHRISTOPHER PENDARVIS VS. JASON GRIEST**

Nature of Proceeding:  Preliminary Injunction

Filed By:

This matter is continued to 7/14/2006 at 02:00PM in this department.

Item 19  **06AS00852    CHRISTOPHER PENDARVIS VS. JASON GRIEST**

Nature of Proceeding:  Motion to Appoint Receiver

Filed By:  Fathy, Richard G.

This matter is continued to 7/14/2006 at 02:00PM in this department.

Item 20  **06AS00852    CHRISTOPHER PENDARVIS VS. JASON GRIEST**

Nature of Proceeding:  Preliminary Injunction

Filed By:

This matter is continued to 7/14/2006 at 02:00PM in this department.