Manuel Corrales, Jr., Esq., SBN 117647
Attorney at Law
11753 Avenida Sivrita
San Diego, California  92128
Tel (858) 521-0634
Fax (858) 521-0633
Attorney for Plaintiff
CALIFORNIA VALLEY MIWOK TRIBE

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA VALLEY MIWOK TRIBE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>THE CALIFORNIA GAMBLING CONTROL COMMISSION,<br><br>　　　　　Defendant. | Case No.:  08 CV 0120 BEN AJB<br><br>**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**<br><br>Date:  March 10, 2008<br>Time:  10:30 a.m.<br>Courtroom:  3<br>Judge:  Hon. Roger J. Benitez |

Plaintiff California Valley Miwok Tribe ("Miwok Tribe" or "the Tribe") submits the following in reply to Defendant  California Gambling Control Commission's ("the Commission") opposition to Plaintiff's Motion to Remand Back to State Court.

## I.

### PLAINTIFF INCORPORATES BY REFERENCE
### ITS OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

The Commission filed a motion to dismiss Plaintiff's Complaint under Rule 12(b)(1), (6), and (7), which is set to be heard on the same day of Plaintiff's Motion to Remand Back to State Court.  Plaintiff has filed an extensive opposition to that motion, which addresses the same issues raised in the Commission's opposition to Plaintiff's Motion to Remand.

---

**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION**

Accordingly, for the sake of judicial economy, Plaintiff incorporates by reference those points and authorities into its reply to the Commission's opposition to Plaintiff's Motion to Remand.

## II.

### PLAINTIFF ONLY SEEKS EQUITABLE RELIEF, INCLUDING A JUDICIAL DETERMINATION ON THE COMMISSSION'S DUTY TO DISTRIBUTE REVENUE SHARING TRUST FUND MONEY UNDER STATE LAW

A.    <u>Plaintiff does not ask the Court to enforce the Compact</u>

The Commission has completely mischaracterized the Plaintiff's Complaint.

For example, the Commission argues that this Court has subject matter jurisdiction, because Plaintiff's suit purportedly seeks to enforce the terms of the Compact.  (Defendant's P/A's, pg. 3, lines 20-26).  This contention is meritless.

As stated, Plaintiff has withdrawn its Third Party Beneficiary "Breach of Contract" cause of action.  Thus, the only claims Plaintiff makes are equitable in nature.  Specifically, the Complaint asks the Court (i.e., the State Court) to make a judicial determination of the Commission's duty to distribute Revenue Sharing Trust Fund ("RSTF") money under a specific <u>State</u> statute regulating the Commission's duties with respect to these funds.  That State statute is Cal. Gov. Code Section 12012.75, which specifically provides in relevant part as follows:

> …Moneys in the Indian Gaming Revenue Sharing Trust Fund shall be available to the California Gambling Control Commission, upon appropriation by the Legislature, for the purpose of making distributions to noncompact tribes, <u>in accordance with distribution plans specified in tribal-state gaming compacts</u>.  (Emphasis added).

This is the statute that governs the Commission's duties.  There is no federal statute that preempts Cal. Gov. Code Section 12012.75.  The fact that this statute directs that the Commission's duty to distribute be "in accordance with" what is set forth in the Compact, does not make it a federal question.  Neither does it make Plaintiff's suit for declaratory relief as to

the Commission's duty an action to enforce the Compact.  Moreover, the RSTF money at issue comes from the <u>State Treasury</u>, not from the federal treasury or any arm of the federal government.

In <u>Cates v. California Gambling Control Commission</u> (2007) 154 CA4th 1302, Plaintiff brought a taxpayer action against the Commission, and others, seeking declaratory relief as to the Commission's duty to collect money the Compact-Tribes were supposed to be paying into the Special Distribution Fund ("SDF").  Plaintiff alleged that the Tribes were paying into the SDF their share of gambling winnings according to their own definition of "net win", and not according to the "net win" definition in the Compact.  There was no federal question in <u>Cates</u>, simply because the Commission's duty to collect unpaid SDF money was defined, in part, by reference to the Compact (i.e., the definition of "net win").  Plaintiff's counsel in the Cates case was the same counsel as in this (<u>Miwok</u>) case.

Neither the State Superior Court nor the State Court of Appeal in <u>Cates</u> had any difficulty rendering a decision as to the Commission's duties under State law, because of reference to the Compact with respect to some of the Commission's duties.  For the same reason, Cal. Gov. Code Section 12012.75's reference to the Compact (i.e., Section 4.3.2.1) to define the Commission's duties in distributing RSTF money does not create federal law.  The source of the Commission's duties remains as Cal. Gov. Code Section 12012.75.

Also, nowhere in any operative portion of the Complaint is there any allegation or request that the Court enforce the terms of the Compact with respect to RSTF money.

B.    <u>Plaintiff does not seek compensatory damages</u>

As stated, the Plaintiff has dismissed its breach of contract and breach of fiduciary causes of action, such that no request for compensatory damages exists.

//

//

C.    The Complaint does not seek a judicial determination of the Tribe's status

The Commission falsely asserts that Plaintiff seeks relief in the form of a judicial determination of the Tribe's status.  (Defendant's P/A's pg. 2, lines 13-15).  It then argues, that "[t]ribal status is governed by federal law." ( Ibid. at line 15).  However, the Commission's premise is flawed.

No where in the Complaint is there any claim or request that the Court make a determination of the Tribe's status.  In fact the opposite is alleged.  What Plaintiff is asking the Court to do, is to accept the undisputed fact that the Tribe is not organized, and make a judicial determination of the Commission's duty to distribute RSTF funds to the Tribe, given that undisputed fact.  Plaintiff contends that the Commission has a duty to continue paying out RSTF money to the Tribe, as it had been doing previously, despite the fact that the Tribe is presently "unorganized".  It is undisputed that the Tribe is a federally recognized Tribe, because it is on the "Federally Recognized Indian Tribe List Act of 1994", and no federal court has ruled that the Tribe is no longer federally recognized.  Indeed, the Bureau of Indian Affairs ("BIA") has never made that determination, and has never withdrawn its determination that Sylvia Burley is the Tribe's representative.

Nowhere in the Compact is there any requirement that a Non-Compact Tribe be "organized" in order to qualify for RSTF money.  In fact, the Commission previously recognized this when it paid RSTF money to the Tribe up to 2005, during the Tribal leadership dispute.

In short, the Complaint only asks the Court to make a judicial determination on whether the Commission has a continuing duty to distribute RSTF money to the Tribe, even though the Tribe is presently "unorganized".  The Plaintiff is not asking the Court to adjudicate its tribal status, so as to satisfy the Commission's erroneous concerns about continued payment of these funds.

---

**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION**

08 CV 0120 BEN AJB

These points are set forth in more detail in Plaintiff's Opposition to Defendant's Motion to Dismiss, which Plaintiff incorporates herein by reference.

    D.    <u>The Complaint does not ask the Court to resolve any tribal leadership dispute or seek a judicial determination of any competing claims to the RSTF money</u>

The Commission argues that federal jurisdiction still exists, because the Complaint purportedly seeks a determination of who is authorized to act on behalf of the Miwok Tribe. (Defendant's P/A's, pg. 2, lines 9-14). This contention is frivolous at best.

Again, there is no allegation in the Complaint asking the Court to resolve a tribal leadership dispute, so that the Commission can pay the RSTF money to the proper "representative". The facts are what they are. The Tribe is presently unorganized, due, in part, because of a tribal leadership dispute. The Plaintiff's position is that that fact alone does not excuse the Commission from distributing the RSTF money to the Tribe, as it has been doing so in the past. Nothing has changed. However, the Commission has now suddenly changed its mind, and stopped payment, which Plaintiff contends it cannot do, since the Compact provides that the Commission has "no discretion" on how the RSTF money should be distributed. Indeed, the Commission has already admitted that it cannot get involved in any tribal leadership dispute, or make its decisions on distribution dependent upon the status of the Tribe's government. (<u>See</u> Declaration of Gary Qualset, attached to Defendant's motion to Dismiss).

**III.**

**<u>CABAZON</u> DOES NOT COMPEL REMOVAL**

The Commission argues that this Court nevertheless has subject matter jurisdiction, because of the case of <u>Cabazon Band of Mission Indians v. Wilson</u> (9th Cir. 1997) 124 F.3d 1050. Reliance on <u>Cabazon</u> is, however, misplaced.

In <u>Cabazon</u>, the Court of Appeals noted that the jurisdictional issue was limited to the Tribe's "action to enforce the Compacts". It stated:

> Initially, we must determine whether the district court had subject matter jurisdiction over the Bands' action to enforce the Compacts and to require the State to pay over to the Bands the license fees…

124 F.3d at 1055.  In contrast, the Plaintiff here is <u>not</u> seeking to enforce the Compact. Rather, the Miwok Tribe here is simply seeking a judicial determination, by way of declaratory relief, on the Commission's duty to distribute RSTF money to an "unorganized", non-compact Tribe.

In addition, in <u>Cabazon</u>, the Plaintiff Tribe was seeking to enforce a specific contract provision <u>within</u> the very Compact itself.  That provision specifically provided that the Cabazon Tribe was required to sue in the U.S. District Court to obtain a judicial determination of whether certain horse racing licensing fees the State collected from the State's horse racing associations who operated on Tribal facilities, should be turned over to the Tribes.  124 F.3d at 1055.  It was, therefore, a "contract within the Compact."  Because of this, the Court in <u>Cabazon</u> concluded that the State's obligations <u>originated</u> in the Compact, and because the Compact was a "creation of federal law", the Tribe's suit to <u>enforce the Compact</u> arose under federal law.  It stated:

> …[The Bands'] claim is not based on a contract that stands independent of the Compact.  Rather, it is based on an agreement contained within the Compacts…The State's obligation to the Bands thus originates in the Compacts.  The Compacts quite clearly are a creation of federal law…. We conclude that the Bands' claim to enforce the Compacts arises under federal law and thus that we have jurisdiction….

124 F.3d at 1055-56.  In contrast, Plaintiff here does not seek to enforce an agreement within the Compact.  Indeed, there is no provision in the Compact that requires Non-Compact Tribes, like the Miwok Tribe, to sue in the U.S. District Court to resolve a dispute over the Commission's duty to pay RSTF money to Non-Compact Tribes.  Moreover, unlike what the

Cabazon Tribe did in their case, the Miwok Tribe here seeks declaratory relief as to the Commission's duty under Cal. Gov. Code Section 12012.75, which is not an agreement or provision that originates in the Compact. Indeed, it is not referenced in the Compact. The Miwok Tribe here does not seek to enforce the Compact or any of its terms.

In addition, the Compacts at issue in Cabazon predated the present 1999 Compact by 10 years (1990 and 1991), and thus have no application to the issues in this case.

The Commission's further reliance on Rincon Band of Mission Indians v. Schwartzenegger, attached to its opposition papers, is equally misplaced. In Rincon, the issue was whether five (5) other Tribes the Plaintiff Rincon Tribe failed to join, were necessary and indispensable parties. The Decision in that case made no ruling that the Compact gave rise to subject matter jurisdiction for the issues presented there.

**IV.**

**THE COMMISSION'S OBLIGATION TO DISTRIBUTE RSTF MONEY TO NON-COMPACT TRIBES IS GROUNDED ON STATE LAW, NOT FEDERAL LAW**

As shown, the Plaintiff here seeks a judicial determination of the Commission's duty to distribute RSTF money to Non-Compact Tribes, based on Cal. Gov. Code Section 12012.75, a State statute specifically enacted to identify the Commission's duties with respect to RSTF money. Accordingly, no federal question is in dispute.

**V.**

**THE PLAINTIFF IS NOT "STUCK" IN FEDERAL COURT, BECAUSE OF THE INITIAL BREACH OF CONTRACT CLAIM**

The Commission argues that the Plaintiff's dismissal of its breach of contract claim was ineffective, because "[f]ederal court jurisdiction…is based on the complaint at the time of the removal, not as subsequently amended," citing Libhart v. Santa Monica Dairy Co. (9th Cir. 1979) 592 F.2d 1062, 1065. This is not the law, and the Commission has misquoted the Libhart case.

---

**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION**

08 CV 0120 BEN AJB

First of all, it is not "federal court jurisdiction", but rather "federal <u>removal</u> jurisdiction" that is the proper phrase.  The Court in <u>Libhart</u> merely quoted the law, and said:

> In determining the existence of removal jurisdiction based upon a federal question, we must look to the complaint as of the time the removal petition was filed." (citation omitted).

592 F.2d at 1065.

Second, the U.S. District Court has the discretion as to whether to continue to exercise its jurisdiction over a case with only State law claims, after the Plaintiff eliminates a federal question by voluntary dismissal of part of its case.  Indeed, "when the federal claims have been dropped out of the lawsuit <u>in its early stages</u> and only state law claims remain, it may be an abuse of discretion for the federal district court to retain the case." Federal Civil Procedure Before Trial, California Rutter Group Practice Guide, Section 2:1069, page 2D-198.13 (2007); <u>see Carnegie-Mellon Univ. v. Cohill</u> (1988) 484 U.S. 343, 349,108 S.Ct. 614, 618-619; <u>Wren v. Sletten Constr. Co</u> (9th Cir. 1981) 654 F.2d 529, 536.  While the federal court may either dismiss or remand the remaining State law claims, after early dismissal of the federal claims, remand is "preferable", because it avoids any statute of limitations problem and the time and expense of filing new pleadings in State court.  <u>Carnegie-Mellon Univ</u>., supra at 351.

Third, if it is discovered <u>at any time</u> in the litigation that removal jurisdiction is lacking (no diversity or federal question at time of removal), the removed case <u>must be remanded</u> to State court rather than dismissed.  <u>See Albingia Versicherungs A.G. v. Schenker Int'l, Inc</u>. (9th Cir. 2003) 344 F.3d 931, 936; 28 U.S.C. Section 1447(c).  Here, Plaintiff voluntarily dismissed the breach of contract and breach of fiduciary duty claims as a precaution.  As pled even under those claims, no federal question existed, because, as the Commission concedes, the Compact does not provide for breach of contract "compensatory damages".  Only equitable relief is permitted.  Thus, even as originally pled, no federal question was in dispute.

---

# VI.

## CONCLUSION

For the foregoing reasons, and for the reasons expressed in Plaintiff's Motion to Remand, the case should be remanded back to State Court.


Dated:  February 27, 2008                    s/ Manuel Corrales, Jr.
                                             Manuel Corrales, Jr., Esq.
                                             Attorney for Plaintiff
                                             California Valley Miwok Tribe

1

## CERTIFICATE OF SERVICE

2   **Case Name:**      **California Valley Miwok Tribe v. California Gambling Control Commission**

3

4   **Court:**      **United States District Court, Southern District of California Case No. 08-CV-0120 BEN AJB**

5

6   I Declare:  On **February 27, 2008**, I electronically filed the following documents:

7          PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION

8   **ELECTRONIC MAIL NOTICE LIST**
    I have caused the above-mentioned document(*s) to be electronically served on the following
9   person(s) who are currently on the list to receive e-mail notices for this case:

10          Peter.Kaufman@doj.ca.gov

11  **MANUAL NOTICE LIST**
    The following are those who are **not** on the list to receive e-mail notices for this case
12  (who therefore require manual noticing):

13          NONE

14  I declare under penalty of perjury under the laws of the State of California and the United
    States of America the foregoing is true and correct, and that this declaration was executed
    on **February  27 , 2008,** at San Diego, California.
15

16    Manuel Corrales, Jr.                              s/ Manuel Corrales, Jr.
              Declarant                             Manuel Corrales, Jr. Esq.
17

18

19

20

21

22

23

24

25