1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  ROBERT L. MUKAI
   Senior Assistant Attorney General
3  SARA J. DRAKE
   Supervising Deputy Attorney General
4  RANDALL PINAL
   Deputy Attorney General
5  PETER H. KAUFMAN, State Bar No. 52038
   Deputy Attorney General
6   110 West A Street, Suite 1100
    San Diego, CA 92101
7   P.O. Box 85266
    San Diego, CA 92186-5266
8   Telephone:  (619) 645-2020
    Fax:  (619) 645-2012
9   Email:  peter.kaufman@doj.ca.gov

10 Attorneys for the California Gambling Control
   Commission

11

12                 IN THE UNITED STATES DISTRICT COURT

13              FOR THE SOUTHERN DISTRICT OF CALIFORNIA

14

15 | **CALIFORNIA VALLEY MIWOK TRIBE,** | 08-CV-0120 BEN AJB |

16 |                              Plaintiff, | **DEFENDANT CALIFORNIA GAMBLING CONTROL** |

17 | **v.** | **COMMISSION'S REPLY TO PLAINTIFF'S OPPOSITION TO** |

18 | **THE CALIFORNIA GAMBLING CONTROL COMMISSION; and DOES 1 THROUGH 50,** | **DEFENDANT'S MOTION FOR CHANGE OF VENUE TO THE** |

19 | **Inclusive,** | **EASTERN DISTRICT OF CALIFORNIA SACRAMENTO** |

20 |                              Defendants. | **DIVISION** |

21 | | Hearing:        March 10, 2008 |
   | | Time:           10:30 a.m. |
22 | | Courtroom:      3 |
   | | Judge:          The Honorable |
23 | | Roger J. Benitez |

24

25      Defendant California Gambling Control Commission's ("Commission") motion to change

26 the venue of this action to the Eastern District of California, Sacramento Division, is based on

27 the fact that the parties to this suit are all located in the Eastern District and that a suit for breach

28 of the tribal-state class III gaming compacts ("Compacts") at issue in this case is to be brought in

1  the jurisdiction in which the affected tribe is located.

2      In her opposition to the Commission's motion, Silvia Burley[1] relies primarily upon the

3  premise of her motion for remand filed concurrently with the Commission's motion for change

4  of venue and motion to dismiss.  It is, of course, self-evident that if this Court chooses to remand

5  this case to the California courts, California venue statutes will control and the Commission's

6  motion for change of venue will be moot.

7      If the Court denies Ms. Burley's motion for remand, however, the Commission's motion for

8  change of venue must be considered.  Ms. Burley's only opposition to the Commission's motion

9  for change of venue itself is her contention that the Compacts do not prefer that an action by a

10  third party beneficiary to the Compacts be brought in the jurisdiction where the third party

11  beneficiary is located and that, under state law, an action brought in state court against the

12  Commission could be brought in San Diego County Superior Court.

13      Ms. Burley, however, completely ignores the other bases for the Commission's motion

14  which is that the parties to this action all reside in the Eastern District and that the distribution of

15  Revenue Sharing Trust Fund monies requested by the Complaint would take place in the Eastern

16  District.  Though she asserts that there is no declaration establishing that the parties to this

17  proceeding all reside in the Eastern District, none is required because the Complaint and service

18  documents in this action all establish the location of the parties.

19      Further, the fact that if this action were tried in state court, state law venue might be proper

20  in San Diego County Superior Court does not control venue in federal court.  Under established

21  law, state law cannot control venue in federal courts.  *See Steel Motor Service, Inc. v. Zalke,* 212

22  F.2d 856 (6th Cir.1954); 1 Moore's  Fed. Prac.  ¶¶.140[1.-3-1]; 32 Am.Jur. at 796.

23      Finally the fact that the Compacts do not address the question of where a third party

24  beneficiary is required to bring an action for breach of the Compacts does not establish that

25

26      1. The Commission describes the plaintiff in this case as Silvia Burley instead of the

27  California Valley Miwok for the same reasons the Court of Appeal did so in *California Valley Miwok v.  U.S.,* No. 06-5203, 2008 WL 398455 (D.C. Cir. Feb. 15, 2008).  The court did so because

28  it found that Ms. Burley was acting on behalf of only a small cluster of tribal members and did not represent the interests or have the consent of the vast majority of putative tribal members.

Case No. 08-CV-0120 BEN AJB

1 venue is proper anywhere that entity might choose to file suit. First, the Compacts' failure to

2 address venue for a third party beneficiary suit is readily explained by the fact that no such suit is

3 authorized by the Compacts. (*See* Compact § 15.1, Compl., Ex. A, at 44.) Second, a third party

4 beneficiary is bound by the terms of the contract upon which it seeks relief. *Trans-Bay*

5 *Engineers & Builders, Inc. v. Hills*, 551 F.2d 370 (D.C. Cir. 1976). As more fully set forth in the

6 Commission's moving papers, suits for breach of the Compacts are to be brought in the

7 jurisdiction in which the affected tribe is located.

8       For these reasons and those set forth in the Commission's moving papers, the Court is

9 respectfully requested to grant the Motion for Change of Venue to the Eastern District of

10 California, Sacramento Division.

11       Dated: March 3, 2008

12       Respectfully submitted,

13       EDMUND G. BROWN JR.
   Attorney General of the State of California

14       ROBERT L. MUKAI
   Senior Assistant Attorney General

15       SARA J. DRAKE
16       Supervising Deputy Attorney General

      RANDALL PINAL
17       Deputy Attorney General

18

19

20       /s/Peter H. Kaufman
   PETER H. KAUFMAN
21       Deputy Attorney General
   Attorneys for Defendant the California Gambling Control
22       Commission

23

24 Reply to Plaintiff's Opp.for.Change.of.Venue.wpd
   SA2008300115
25

26

27

28

## CERTIFICATE OF SERVICE

Case Name:    **California Valley Miwok Tribe v. California Gambling Control Commission**

Court:    **United States District Court, Southern District, Case No. 08-CV-0120 BEN AJB**

I declare:

On **March 3, 2008**, I electronically filed the following document(s):

> **DEFENDANT CALIFORNIA GAMBLING CONTROL COMMISSION'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR CHANGE OF VENUE TO THE EASTERN DISTRICT OF CALIFORNIA SACRAMENTO DIVISION**

## Electronic Mail Notice List

I have caused the above-mentioned document(s) to be electronically served on the following person(s), who are currently on the list to receive e-mail notices for this case:

mannycorrales@yahoo.com
Attorney for Plaintiff

terry@terrysingleton.com
Attorney for Plaintiff

secretary@terrysingleton.com

## Manual Notice List

The following are those who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing):

NONE

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **March 3, 2008**, at San Diego, California.

Roberta L. Matson

_____          _____
Declarant                                                      Signature

SA2008300115
80212884.wpd