# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA VALLEY MIWOK TRIBE,<br><br>　　　　　　　　　　　Plaintiff,<br>vs.<br><br>CALIFORNIA GAMBLING CONTROL COMMISSION,<br><br>　　　　　　　　　　　Defendant. | CASE NO. 08-CV-0120 BEN (AJB)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER VENUE**<br><br>**[Doc. # 4]** |

## I. INTRODUCTION

Plaintiff, California Valley Miwok Tribe ("Plaintiff" or "Miwok") brought this action against the Defendant, California Gambling Control Commission ("Defendant"). Plaintiff claims that Defendant failed to pay Plaintiff its share from the Indian Gaming Revenue Sharing Trust Fund ("RSTF"). Defendant removed the case from state court. Defendant now moves for a change of venue to the United States District Court for the Eastern District of California under 28 U.S.C. § 1404(a). For the reasons that follow, the motion is **GRANTED.**

## II. BACKGROUND

Plaintiff alleges that it is a federally recognized Indian tribe located in Stockton, California. (Compl. ¶ 1). Defendant supervises gambling establishments in the State of California and serves as the Trustee and Administrator of certain funds in the State Treasury, including the RSTF. (Compl. ¶ 2). Defendant's office is located in Sacramento, California.

1    In September 1999, the State of California entered into a Tribal State Gambling Compact ("Compact") with various Indian tribes located in the state ("the Compact tribes"). (Compl. ¶ 5, Ex. 1). The Compact tribes contribute a percentage of their gambling proceeds to the RSTF. (Compl. ¶ 5).

Plaintiff claims that under the Compact, as a non-Compact tribe with no casinos or gambling operations, Plaintiff qualifies to receive up to $1.1 million from the RSTF annually. (Compl. ¶ 6). The Miwok tribe was placed on the list of federally recognized tribes in 1994 and in 1998 the tribe established a tribal council. (Compl. ¶ 8). On June 25, 1999, the Bureau of Indian Affairs ("BIA") recognized Silva Burley ("Burley") as the tribal chairperson. *Id.*

Plaintiff alleges a leadership dispute developed within the Miwok tribe in late 1999, but the BIA still recognized Burley as the chairperson of the tribe in July 2000. (Compl. ¶ 9). However, in October 2001, the BIA declined to approve the tribe's new constitution, asked the tribe to identify more of its members, and recognized Miwok as an "unorganized Tribe." (Compl. ¶¶ 9-14). BIA continues to recognize the tribe as "unorganized" because the Miwok tribe has not identified other putative members of the tribe in the tribe's constitution. (Compl. ¶ 14). In addition, due to the internal disputes, the BIA now recognizes Burley only as a "person of authority," rather than as a tribal chairperson. *Id.*

In March 2005, BIA met with Plaintiff in an effort to resolve the leadership disputes. However, in August 2005, Defendant advised Miwok that the distributions from the RSTF would be withheld until the Miwok leadership was formally established. (Compl. ¶ 15). Plaintiff claims Defendant's decision was a result of the ongoing leadership dispute and the BIA's designation of Miwok as an "unorganized tribe." *Id.* Plaintiff continues to request the distributions from the RSTF and Defendant has refused to make any further distributions. (Compl. ¶ 16).

Plaintiff's Complaint alleges that under Cal. Gov. Code § 12012.75, Defendant has a mandatory duty to distribute funds from the RSTF to Plaintiff. Additionally, Plaintiff claims that under Section 4.3.2.1(b) of the Compact, Defendant has no discretion in deciding whether a non-Compact tribe is entitled to a distribution. (Compl. ¶ 18). The Complaint alleged five causes of action for injunctive relief, declaratory relief, breach of contract, breach of fiduciary duty, and

intentional interference with prospective economic advantage.  Plaintiff sought an order restraining Defendant from withholding the distributions and directing Defendant to pay Plaintiff the money due, a declaratory judgment regarding Plaintiff's rights and Defendant's obligations to Plaintiff, and compensatory and punitive damages.

Defendant removed the case to federal court on January 22, 2008.  Since removal, Plaintiff voluntarily dismissed without prejudice its third cause of action for breach of contract and fourth cause of action for breach of fiduciary duty.  [Doc. # 6].

On January 31, 2008, Defendant filed this motion to transfer venue to the United States District Court for the Eastern District of California.  [Doc. # 4]

### III. DISCUSSION

Transfer of this case to the Eastern District of California is appropriate.  Under 28 U.S.C. § 1404(a), "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

A district where the action might have been brought is one in which the case could have properly been filed at the time Plaintiff filed the case.  *Hoffman v. Blaski*, 363 U.S. 335, 344 (1960).  A preliminary review of Plaintiff's Complaint indicates that Plaintiff could have properly filed this case in the United States District Court for the Eastern District of California.  Plaintiff and Defendant are both located in the Eastern District of California – Sacramento, California and Stockton, California.  Additionally, it appears Plaintiff's allegations implicate a Tribal-State Compact which the federal courts have jurisdiction to enforce.  *Cabazon Band of Mission Indians v. Wilson*, 124 F.3d 1050, 1056 (9th Cir. 1997).

This Court has discretion to transfer cases based on "an individualized case-by-case consideration of convenience and fairness."  *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1998).  The Court must consider a number of factors in determining whether a transfer is appropriate.  *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000) (citing *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1998)).  In addition to considering the "convenience of the parties and witnesses" courts may also consider other factors.  "For example, the court may consider: (1) the location where relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective

parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof." *Jones*, 211 F.3d at 498-99.  The most relevant factors in this case are the convenience of parties and witnesses, contacts in the forum relating to the cause of action, ease of access to sources of proof, and plaintiff's choice of forum.

### A. Convenience of the Parties and Witnesses

The convenience of the parties and witnesses is served by transfer to the Eastern District. Defendant is located in Sacramento, California and Plaintiff is located in Stockton, California. Stockton and Sacramento are both within the Eastern District.  The Doe Defendants named under Plaintiff's Fifth Cause of Action are also likely within the Eastern District.  Plaintiff claims the Doe Defendants conspired to "take over the Miwok Tribe."  (Compl. ¶ 18).  Based on this allegation, the Doe Defendants are probably near the tribe's location within the Eastern District. While Plaintiff's counsel is located in the Southern District, the convenience of counsel is not relevant to consideration of a § 1404(a) transfer.  *Costco Wholesale Corp. v. Liberty Mut. Ins. Co.*, 472 F. Supp. 2d 1183, 1196-97 (S.D. Cal. 2007) (citing *In re Volkswagen AG*, 371 F.3d 201, 206 (5th Cir. 2004)).

Additionally, the convenience of witnesses is also served by transfer.  While neither party named specific witnesses, the allegations in Plaintiff's Complaint occurred primarily in either Stockton or Sacramento and any witnesses to those acts are more likely in the Eastern District than the Southern District.  The convenience of the parties and witnesses weighs in favor of transfer to the Eastern District.

### B. Parties' Contacts with Forum and Access to Proof

The parties' contacts with the forum and ease of access to proof weigh in favor of transfer. Neither party has contacts in the Southern District related to this action, but both parties have contacts in the Eastern District related to this action.  Plaintiff's Complaint identifies a variety of events, including: leadership disputes; a refusal to approve the Miwok's new constitution; requests for disbursement pursuant to the Compact; denial of those requests based on Plaintiff's "unorganized" status; a meeting between the parties to discuss this dispute; and Doe Defendants'

attempt to take over the tribe. (Compl. ¶¶ 9-16). The facts as alleged occurred within the Eastern District, rather than the Southern District. This also suggests that any proof related to these allegations is located within the Eastern District. The presence of contacts in the Eastern District, lack of contacts in the Southern District, and ease of access to proof relating to this case in the Eastern District weigh in favor of transfer.

### C. Plaintiff's Choice of Forum

Plaintiff's choice of forum weighs against transfer, but this factor only merits minimal consideration. While a Plaintiff's choice of forum is often given great deference, that choice only merits minimal consideration when the "operative facts have not occurred within the chosen forum and the forum has no interest in the parties or subject matter." *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987). As discussed above, none of the operative facts alleged occurred within the Southern District. Additionally, the Court sees no reason the Southern District would have any particular interest in hearing the claims of these parties or this subject matter. While Plaintiff's choice is still a factor, it is only given minimal consideration. Plaintiff's choice of forum does weigh against transfer, but this factor is outweighed by other factors.

### IV. CONCLUSION

Having considered these factors, the Court finds that transfer of this case to the United States District Court for the Eastern District of California will serve the convenience of parties and witnesses and the interest of justice. Accordingly, this case is transferred to the United States District Court for the Eastern District of California.

**IT IS SO ORDERED.**

DATED: April 23, 2008

Hon. Roger T. Benitez
United States District Judge